PEOPLE v HUMBLE

Docket No. 79349. Submitted April 4, 1985, at Grand Rapids.—Decided July 8, 1985.

Randy W. Humble was convicted, on his plea of guilty, of breaking and entering an unoccupied dwelling and of entering a coin machine by force, Isabella Circuit Court. Defendant's plea was accepted by visiting probate judge David E. Burrows and he was sentenced by circuit judge Paul F. O'Connell. Defendant appealed, alleging several errors in sentencing. *Held:*

1. The defendant was entitled to be sentenced by the same judge who accepted his guilty plea, if that judge was reasonably available. Because the record is silent regarding whether Judge Burrows was available when defendant was sentenced, the case is remanded for resentencing by Judge Burrows if he is reasonably available.

2. The sentencing judge erred in considering, when imposing sentence, the possibility of defendant's early release from prison under the Prison Overcrowding Emergency Powers Act. An inmate's possible early release under that act is unrelated to either the individual offender or the particular circumstances of the case.

3. The sentencing judge did not err in considering defendant's past record when imposing a sentence greater than that recommended by the sentencing guidelines.

4. The recommendation of incarceration in the presentence report was sufficiently specific.

Remanded for resentencing.

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Criminal Law §§ 443 *et seq.;* 525 *et seq.*

Accused's right to sentencing by same judge who accepted guilty plea entered to pursuant to plea bargain. 3 ALR4th 1181.

[2, 4] Am Jur 2d, Criminal Law §§ 595-603.

Length of sentence as violation of constitutional provision prohibiting cruel and unusual punishment. 33 ALR3rd 335.

[3] Am Jur 2d, Penal and Correctional Institutions § 44.5.

See the annotations in the ALR3d/4th Quick Index under Prisons and Convicts; Sentence and Punishment.

[5] Am Jur 2d, Criminal Law §§ 527 *et seq.*

Defendant's right to disclosure of presentence reports. 40 ALR3d 681.

1. CRIMINAL LAW — GUILTY PLEAS — SENTENCING.

A defendant who pleads guilty is entitled to be sentenced by the same judge who accepts his plea, provided that judge is reasonably available (MCR 2.630).

2. CRIMINAL LAW — SENTENCING.

A trial court is afforded wide discretion when imposing a sentence within statutory limits, but such discretion is not unlimited; a sentence must be individually tailored to both the circumstances of the case and the offender (MCL 769.1; MSA 28.1072).

3. CRIMINAL LAW — SENTENCING — PRISON OVERCROWDING.

A sentencing court may not consider possible sentence reductions available under the Prison Overcrowding Emergency Powers Act; the possible reduction of an inmate's minimum sentence due to prison overcrowding is unrelated to either the individual defendant or the particular circumstances of his case (MCL 800.71 et seq.; MSA 28.1437[1] et seq.).

4. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES.

A sentencing court's statement on the record that it was imposing a sentence greater than recommended by the sentencing guidelines because the guidelines were "totally inadequate when looking at defendant's conduct" was sufficient to explain the departure from the guidelines; a court may give additional weight to a variable already incorporated in the guidelines when explaining a departure from the recommended sentence.

5. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORT.

A recommendation of incarceration in a presentence report is sufficiently specific to satisfy the statutory requirement of specificity (MCL 771.14; MSA 28.1144).

State Appellate Defender (by *Herb Jordan),* for defendant.

Before: MACKENZIE, P.J., and CYNAR and WAHLS, JJ.

PER CURIAM. Defendant pled guilty to breaking and entering an unoccupied dwelling, MCL 750.110; MSA 28.305, and entering a coin machine by force, MCL 752.811; MSA 28.643(101). The plea was accepted by the Hon. David E. Burrows, a

visiting probate judge, on March 16, 1984. Defendant was thereafter sentenced by the Hon. Paul F. O'Connell, circuit court judge for the County of Isabella, on April 6, 1984. Defendant was sentenced to prison for a term of from 5 to 10 years for the breaking and entering, and received a concurrent term of from 1 year and a day to 3 years for entering the coin machine by force. Defendant appeals from his sentences as of right.

Defendant first argues that he should have been sentenced by the judge who accepted his plea of guilty. We agree that a defendant is entitled to be sentenced before the judge who accepts his plea, provided that judge is reasonably available. *People v Van Auker (After Remand),* 132 Mich App 394, 399; 347 NW2d 466 (1984), *rev'd on other grounds* 419 Mich 918 (1983); *People v Clark,* 408 Mich 945 (1980); *People v Clemons,* 407 Mich 939; 291 NW2d 927 (1979), *reversing* 91 Mich App 68, 74; 282 NW2d 838 (1979). The record before us is silent on the question of whether Judge Burrows, a visiting probate judge, was reasonably available on April 16 to sentence defendant. We therefore remand this case to the Isabella Circuit Court with the direction that defendant be resentenced before Judge Burrows if he is reasonably available. See, *e.g., Van Auker, supra,* p 399; *People v Collins,* 25 Mich App 609, 613; 181 NW2d 601 (1970); MCR 2.630.

Defendant next argues that the sentencing court improperly considered possible sentence reductions available under the Prison Overcrowding Emergency Powers Act, MCL 800.71 *et seq.;* MSA 28.1437(1) *et seq.,* when imposing sentence. We agree.

Prior to imposing sentence, the circuit court stated the following with regard to prison overcrowding:

"Again, this court is well aware of the fact that at the present time, again, due to the overcrowding of prison conditions, that if one is committed to the Department of Corrections for a non-assaultive offense of anything under three (3) years, then that person is going to walk within 3 or 4 months. There is no question about it. * * * So I don't intend to commit [defendant] to a prison sentence that's going to be in effect less if he's going to be put into jail for 6 months."

Although trial courts are afforded wide discretion when imposing sentences within statutory limits, see MCL 769.1; MSA 28.1072, such discretion is not unlimited. See *People v Coles,* 417 Mich 523, 530-532; 339 NW2d 440 (1983). Sentences must be individually tailored to both the particular circumstances of the case and the offender. *People v Chapa,* 407 Mich 309, 311; 284 NW2d 340 (1979). The possible reduction of an inmate's minimum sentence due to prison overcrowding, however, is unrelated to either the individual defendant or the particular circumstances surrounding his case. Further, in order to fulfill society's dual goals of rehabilitation and protection, it is essential that courts consider only complete and accurate information when imposing sentence. *People v Triplett,* 407 Mich 510, 514; 287 NW2d 165 (1980); *People v Lee,* 391 Mich 618, 634-639; 218 NW2d 655 (1974). At the time of sentencing, however, a court cannot know but could only speculate as to how many reductions, if any, would be issued by the Governor during a defendant's prison stay. We hold that sentencing courts may not consider possible sentence reductions available under the Prison Overcrowding Emergency Powers Act when imposing sentence. On remand, defendant must be resentenced in accordance with this holding.

Defendant's final two contentions are without merit. First, defendant argues that the sentencing

court erred by imposing a sentence beyond that recommended in the sentencing guidelines on the basis of defendant's prior record.

According to the departure policy found in the Michigan Sentencing Guidelines Manual, Tab 27, sentencing courts in their discretion may go outside the guidelines where (1) due to special circumstances or characteristics of the defendant, justice requires a sentence different than the one provided, or (2) regardless of special characteristics, the court feels that the sentencing range is simply inappropriate. Here the court stated both on the record and in the sentencing information report that the guidelines were "totally inadequate when looking at defendant's conduct". More is not required. The question of whether a trial court may give additional weight to a variable already incorporated in the guidelines when explaining a departure from the recommended sentence has been previously answered by this Court in the affirmative. *People v Ridley,* 142 Mich App 129, 134; 369 NW2d 274 (1985); *People v Purzycki,* 143 Mich App 108; 371 NW2d 490 (1985).

Defendant's final argument is that the presentence report, which concluded by recommending defendant's incarceration, did not comply with MCL 771.14; MSA 28.1144 in that it lacked the required specificity. We find that a recommendation of incarceration is sufficiently specific under the statute. *People v Joseph,* 114 Mich App 70, 78; 318 NW2d 609 (1982); *People v Perkins,* 141 Mich App 186; 366 NW2d 94 (1985).

Remanded for resentencing.