PEOPLE v PIERCE

Docket No. 91563. Submitted November 19, 1986, at Detroit. Decided February 18, 1987. Leave to appeal denied, 428 Mich —.

Todd R. Pierce was convicted on his plea of guilty of breaking and entering an unoccupied dwelling. Presiding at the plea hearing in Benzie Circuit Court was Benzie Probate Judge John F. Huft. On the date initially set for sentencing, defendant challenged the accuracy of two statements in the presentence report relative to defendant's involvement in other crimes. The sentencing judge, Benzie Circuit Judge James M. Batzer, deferred sentencing and set a hearing on the disputed matters. Following that hearing, Judge Batzer ordered that a corrected presentence report be prepared reflecting defendant's position on the disputed matters. The corrected presentence report was prepared. At the sentencing hearing, Judge Batzer indicated that he was not considering the disputed matters in imposing sentence and proceeded to impose a sentence of four years six months to ten years. Defendant appealed.

The Court of Appeals *held:*

1. While generally a defendant has a right to be sentenced by the same judge who accepted the guilty plea, resentencing is not mandated in this case because the sentencing hearing conducted by Judge Batzer acted as an adequate substitute for the guilty plea hearing in apprising him of the nature and circumstances concerning this crime and defendant.

2. The sentencing hearing and the determination by the sentencing judge not to consider the disputed matters were an adequate response to defendant's objections to the presentence report. A sentencing judge is not required to resolve on the record all disputed matters if the judge determines that he or she will not consider the disputed matters in sentencing.

3. Defendant is not entitled to have the disputed matters

REFERENCES

Am Jur 2d, Criminal Law §§ 535 *et seq.*

Due process requirements of presentence procedure following conviction. 3 L Ed 2d 1808.

Length of sentence as violation of constitutional provision prohibiting cruel and unusual punishment. 33 ALR3d 335.

deleted from the presentence report, since the corrected presentence report sets forth both sides of the disputed matters.

4. The sentencing judge set forth adequate reasons for his departure from the sentencing guidelines. The sentence imposed did not shock the conscience of the Court of Appeals.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — SENTENCING.

The judge who accepts a guilty plea should, as a general rule, sentence the defendant, since that judge has heard the evidence presented at the guilty plea hearing and is best informed of the circumstances and best able to tailor the sentence to the particular circumstances and the offender; however, resentencing is not mandated if sentencing is undertaken by a judge other than the judge who accepted the plea where the sentencing judge has been involved in a sentencing hearing concerning the contents of the presentence report which serves to apprise the judge of the particular circumstances.

2. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS.

A sentencing court has a duty to respond to a defendant's allegation of inaccuracy in the information provided to the court at sentencing; however, the court's duty to respond does not mean that the court must conclusively resolve all factual disputes; the court's indication that it would disregard the disputed material is an adequate response.

3. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS.

Information in a presentence report which the defendant challenges as inaccurate need not be deleted from the report even if the sentencing court disregards the disputed information rather than resolving the dispute where the presentence report has been amended to reflect the defendant's version of the disputed matter.

4. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES.

A sentencing court may depart from the sentencing guidelines as long as the court articulates its reasons for doing so and the eventual sentence does not shock the conscience of the reviewing court.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *O. Paul Schendel,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

State Appellate Defender (by *Sheila N. Robertson*), for defendant.

Before: SHEPHERD, P.J., and WAHLS and SULLIVAN, JJ.

WAHLS, J. Defendant, Todd Randall Pierce, pled guilty to breaking and entering an unoccupied building, MCL 750.110; MSA 28.305. He was sentenced to a term of from four years, six months to ten years, and he appeals as of right.

Prior to sentencing, defendant challenged the accuracy of the presentence report. Defendant claimed that there were a number of inaccuracies. The court held an evidentiary hearing with regard to two of the statements in the report: (1) a statement that defendant committed a number of breaking and enterings on his way to the crime to which he pled guilty; and (2) a statement that defendant committed other crimes in the area two days earlier. Defendant denied both allegations. Following the hearing, the court ordered that the presentence report be revised to take into account defendant's version of the disputed facts.

Defendant's first contention is that he is entitled to resentencing because the sentencing judge was not the same judge who accepted his guilty plea. Generally, a defendant should be sentenced by the judge who presided at his trial, provided that the judge is reasonably available. *People v Clemons,* 407 Mich 939; 291 NW2d 927 (1979), reversing 91 Mich App 68, 74; 282 NW2d 838 (1979). This same rule applies to guilty pleas. *People v Clark,* 408 Mich 945 (1980). See also *People v Humble,* 146 Mich App 198, 200; 379 NW2d 422 (1985). The purpose of the rule is to ensure that the judge who hears the evidence at plea will sentence defendant based upon the circumstances established at the

time of the plea. When a judge who has not heard the evidence at the plea taking sentences the defendant, the sentence may not be tailored to fit the particular circumstances of the case and the offender. Compare *People v McFarlin,* 389 Mich 557, 574; 208 NW2d 504 (1973).

In this case, defendant was not sentenced by the judge who accepted his plea. However, the judge who sentenced defendant presided over the two sentencing hearings evolving from defendant's challenges to the contents of the initial presentence report. Therefore, the sentencing judge was familiar with the circumstances of the case and the offender, and he was able to tailor the sentence to fit defendant and the circumstances of the crime. We also note, in passing, that defendant was informed at the plea-taking that another judge would sentence him, and the original presentence report stated that the sentencing judge would replace the plea-taking judge; yet he never made any objection to that procedure. Thus, resentencing is not required.

Defendant's second argument is that he is entitled to resentencing because the presentence report contained disputed material and the court failed to make a conclusive finding as to the accuracy of that material. It is well established that a sentencing court has a duty to respond to a defendant's allegation of inaccuracy in the information provided to the court at sentencing and that the court's failure to do so is error mandating resentencing. *Townsend v Burke,* 334 US 736; 68 S Ct 1252; 92 L Ed 1690 (1948); *People v Lee* 391 Mich 618, 637; 218 NW2d 655 (1974). However, the duty to "respond" does not mean that the court must conclusively resolve the dispute. Rather, it means simply that the court must act. In deciding what action to take, the court has wide latitude.

While not compelled to hold an evidentiary hearing, in the exercise of his discretion, he may do so. He may accept unsworn statements of the defendant. He may ascertain that the disputed matter is not relevant to his decision, or is of little weight, or could be safely disregarded without regard to its accuracy in light of other facts. There are many ways, in the exercise of his discretion, that he may meet the problem. [*People v McIntosh,* 62 Mich App 422, 448; 234 NW2d 157 (1975), rev'd of other grounds 400 Mich 1 (1977).]

In this case, defendant disputed information that he had committed other crimes just prior to the present one. An evidentiary hearing was held and the presentence report was revised to include defendant's version of the alleged criminal activity. At sentencing, defense counsel noted that the report had been amended and then stated:

*Mr. Daughty:* . . . Mr. Pierce has not been charged with those offenses. It is my understanding that he will not be charged.
*The Court:* I will not—he is not being sentenced for those, either.

The response indicates that the trial court had decided to disregard this disputed material in determining the appropriate sentence. This is a sufficient response to defendant's claim of inaccurate information. *McIntosh, supra.* It is also noted that the trial court did not refer to the allegations at sentencing.

Defendant also contends that all reference to the disputed criminal activity should have been deleted from the presentence report. However, it is well established that the presentence report may contain references to other alleged criminal activity provided that defendant is given the opportunity for refutation. *Lee, supra; McIntosh, supra,* p

446; *People v Books,* 95 Mich App 500, 503; 291 NW2d 94 (1980).

Defendant relies on *People v Taylor,* 146 Mich App 203; 380 NW2d 47 (1985), for the proposition that information challenged as inaccurate and not considered by the sentencing judge should be stricken from the presentence report.

In *Taylor,* defendant argued that "he is entitled to a 'corrected' presentence report which reflects his objections to inaccuracy, made at the time of sentencing, which objections were sustained." *Id.,* pp 204-205. We agreed. A defendant is entitled to have a presentence report that correctly reflects the matter asserted. *Lee, supra; McIntosh, supra.* However, *Taylor* is limited to that proposition. The suggestion that a sentencing judge who disregards certain information, in effect, has determined that that information is "irrelevant" and, thus, should strike it from the presentence report is obiter dictum. The concern in *Taylor* was with false information going to the Department of Corrections. Ensuring that accurate and relevant information be transmitted to the Department of Corrections does not require deletion of every challenged statement in the report which is not considered by the sentencing court. *Taylor, supra,* pp 205-206.

In the present case, defendant alleged incorrect information in the presentence report. A hearing was held on the issue and the report was amended to fully reflect all the versions of the facts. Thus, defendant has a "corrected" report containing an accurate statement of the dispute. *Lee, supra; McIntosh, supra.*

Next, defendant argues that the trial court abused its discretion in imposing a sentence which departed from the sentencing guidelines. The

guidelines are just that, guidelines. A trial court may depart from the guidelines as long as it articulates its reasons for doing so and the eventual sentence does not shock our judicial conscience. *People v Coles* 417 Mich 523, 549; 339 NW2d 440 (1983).

The court stated that the guidelines did not "take sufficient account of [defendant's] background and the severity of this offense and the context of this offense on your background." The court then referred to defendant's extensive criminal record, his tender age, the fact that he was on escape status when he stole a car and committed the present crime, and his substance abuse problem. The sentence of four and one-half years to ten years does not shock the judicial conscience and the trial court did not abuse its discretion by imposing that sentence.

Affirmed.