PEOPLE v ROBINSON

Docket No. 154979. Submitted November 2, 1993, at Grand Rapids. Decided December 29, 1993, at 9:35 A.M.

Carlton J. Robinson pleaded guilty in the Kent Circuit Court of breaking and entering with intent to commit malicious destruction of property valued over $100. The defendant entered his plea before H. David Soet, J., who informed the defendant that the judge assigned the case, Dennis B. Leiber, J., who was unavailable at the time, would sentence him. The defendant and his attorney indicated that they were aware that Judge Leiber would sentence the defendant and did not object to that procedure. Judge Leiber sentenced the defendant to three to fifteen years' imprisonment. The defendant appeals from the denial of his motion for resentencing.

The Court of Appeals *held:*

1. The defendant, by acquiescing to being sentenced by another judge, waived his right to be sentenced by the judge who accepted his plea.

2. The defendant's sentence, which is within the minimum recommended guidelines' range, is presumptively proportionate and does not violate the principle of proportionality.

Affirmed.

SENTENCES — GUILTY PLEAS.

A defendant who pleads guilty is entitled to be sentenced by the judge who accepts the plea, provided the judge is reasonably available; a defendant, by acquiescing to being sentenced by another judge, waives the right to be sentenced by the judge who accepts the plea.

*Frank J. Kelley,* Attorney General, *Thomas L.*

REFERENCES

Am Jur 2d, Criminal Law §§ 481, 501, 527.

Accused's right to sentencing by same judge who accepted guilty plea entered pursuant to plea bargain. 3 ALR4th 1181.

*Casey,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, *Timothy K. McMorrow,* Chief Appellate Attorney, and *T. Lynn Hopkins,* Assistant Prosecuting Attorney, for the people.

*E. Craig Smith,* for the defendant.

Before: JANSEN, P.J., and FITZGERALD and P. J. CONLIN,* JJ.

PER CURIAM. Pursuant to a plea agreement, defendant pleaded guilty of breaking and entering with intent to commit malicious destruction of property valued over $100, MCL 750.110; MSA 28.305, before Kent Circuit Judge H. David Soet. Defendant was sentenced by Kent Circuit Judge Dennis B. Leiber to a prison term of three to fifteen years. Defendant's motion for resentencing was denied. Defendant appeals as of right. We affirm.

Defendant first contends that he should have been sentenced by the judge who accepted his plea of guilty. While we agree that a defendant is entitled to be sentenced before the judge who accepts the plea, provided that judge is reasonably available, *People v Clemons,* 407 Mich 939; 291 NW2d 927 (1979); *People v Humble,* 146 Mich App 198, 200; 379 NW2d 422 (1985), we conclude that defendant waived the right at the time of the plea. At the plea hearing, defendant was informed that Judge Leiber, the assigned judge on the case who was unavailable at the time the plea was accepted, would sentence him. Defendant and his attorney indicated that they were aware that defendant would be sentenced by Judge Leiber and did not

---

* Circuit judge, sitting on the Court of Appeals by assignment.

object to that procedure.[1] Thus, resentencing is not required.

Next, defendant's sentence, which is within the minimum recommended guidelines' range and therefore presumptively proportionate, *People v Dukes*, 189 Mich App 262, 266; 471 NW2d 651 (1991), does not violate the principle of proportionality. *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990).

Affirmed.

---

[1] Our holding that defendant waived the right to be sentenced by the judge who accepted the plea does not encompass a situation where the defendant is unaware at the time of the plea that he will not be sentenced by the judge who accepted the plea and subsequently fails to object at the time of sentencing.