*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

ANTHONY LAWRENCE KUJAWSKI, JR.,

    Defendant-Appellant.

UNPUBLISHED
September 17, 2019

No. 345301
Sanilac Circuit Court
LC No. 17-007715-FH

Before: O'BRIEN, P.J., and BECKERING and LETICA, JJ.

PER CURIAM.

Defendant, Anthony Lawrence Kujawski, Jr., appeals by leave granted[1] his guilty plea conviction of resisting and obstructing a police officer, MCL 750.81d(1). Kujawski was sentenced to 16 to 24 months' imprisonment, to be served consecutive to sentences Kujawski was serving for unrelated convictions. Finding no error requiring reversal, we affirm.

## I. BACKGROUND

Kujawski was charged with resisting and obstructing after he fled from a police officer in the midst of a traffic stop. The felony information also included a fourth-offense habitual offender notice, MCL 769.12. Judge Donald A. Teeple presided over Kujawski's arraignment and pretrial conference, at which Kujawski agreed to plead guilty in return for dismissal of the habitual offender notice. After confirming that Kujawski understood his rights and establishing a factual basis for the plea, Judge Teeple accepted Kujawski's guilty plea and scheduled the matter for sentencing. Visiting Judge Fred L. Borchard presided over Kujawski's sentencing and imposed a 16- to 24-month term of imprisonment to be served consecutive to sentences Kujawski was serving for unrelated convictions. Kujawski later filed a motion to correct his sentence, arguing that he should have been sentenced by Judge Teeple or given the opportunity

---

[1] *People v Kujawski*, unpublished order of the Court of Appeals, entered October 24, 2018 (Docket No. 345301).

to waive his right to be sentenced by the judge who accepted his guilty plea. Kujawski also asserted that he was entitled to resentencing because Judge Borchard failed to offer an adequate explanation for imposing a consecutive sentence. Judge Borchard denied Kujawski's motion, and this appeal followed.

## II. SENTENCING JUDGE

On appeal, Kujawski continues to argue that he is entitled to resentencing because Judge Borchard, rather than Judge Teeple, sentenced him. We disagree.

We review a trial court's ruling on a motion for resentencing for an abuse of discretion. See *People v Puckett*, 178 Mich App 224, 227; 443 NW2d 470 (1989).[2] "A trial court abuses its discretion when it chooses an outcome falling outside the range of principled outcomes." *People v Watkins*, 491 Mich 450, 467; 818 NW2d 296 (2012). This standard accounts for the instances where no one correct outcome exists; however, various reasonable and principled outcomes will be present. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

This Court has found that absent a waiver of his or her right, "a defendant is entitled to be sentenced before the judge who accepts the plea, provided that judge is reasonably available[.]" *People v Robinson*, 203 Mich App 196, 197; 511 NW2d 713 (1994), citing *People v Clemons*, 407 Mich 939 (1979). Kujawski did not waive his right to be sentenced by Judge Teeple,[3] but the reason for and anticipated length of Judge Teeple's absence is not apparent from the lower court record. Rather, the record only indicates that Judge Teeple was "unavailable" at the time of sentencing. As a result, it is unclear whether Kujawski was entitled to be sentenced by Judge Teeple.

However, even if Judge Teeple had been "reasonably available," *Robinson*, 203 Mich App at 197, Kujawski has not demonstrated that the trial court abused its discretion by denying his motion for resentencing. This Court has found that a different judge may impose a sentence if he or she is adequately familiar with the particular facts of the case. *People v Pierce*, 158 Mich App 113, 116; 404 NW2d 230 (1987). The *Pierce* Court specified that the purpose of having the same judge who accepted the plea preside over sentencing is to "ensure that the judge who hears the evidence at plea will sentence defendant based upon the circumstances established at the time of the plea." *Id*. at 115-116. In *Pierce*, the sentencing judge presided over two hearings involving the defendant's challenges to the accuracy of the PSIR. *Id*. This Court determined that resentencing was not required because "the sentencing judge was familiar with

---

[2] Opinions from this Court that predate November 1, 1990, are not precedentially binding on this Court in accordance with MCR 7.215(J)(1), but can be persuasive. *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2013).

[3] In *Robinson*, 203 Mich App at 198 n 1, the Court clarified that a defendant's failure to object at the time of sentencing does not amount to a waiver when the defendant was unaware at the time of the plea that he or she will be sentenced by a different judge.

the circumstances of the case and the offender, and he was able to tailor the sentence to fit defendant and the circumstances of the crime." *Id*. at 116.

In this case, Judge Teeple accepted Kujawski's plea at the arraignment and pretrial. Kujawski's admissions were limited to the following:

> *The Court*: Tell me what you did on or about August 25th of 2017 in the city of Croswell in Sanilac County that makes you guilty of this offense?
>
> [*Kujawski*]: When we were getting pulled over, I jumped out of the truck and started running.
>
> *The Court*: Okay so you knew it was a police officer?
>
> [*Kujawski*]: Yes.
>
> *The Court*: Was it a marked car?
>
> [*Kujawski*]*:* Yes.
>
> *The Court*: Had a uniform on like a police officer?
>
> [*Kujawski*]: Yes.
>
> *The Court*: Did he order you to stop?
>
> [*Kujawski*]: Yes.
>
> *The Court*: You ignored that order and ran away. Is that right?
>
> [*Kujawski*]: Yes.

From this brief exchange, it is evident that Judge Teeple had only a minimal understanding of the events underlying the offense.

Judge Borchard, although not present for Kujawski's plea, stated that he reviewed the PSIR more than once before sentencing Kujawski. The PSIR included a description of the offense, explaining that a patrol officer recognized Kujawski in the passenger seat of a vehicle. After confirming that Kujawski had two active warrants, the officer initiated a traffic stop. Kujawski got out of the vehicle and began to flee. The patrol officer pursued Kujawski, ordering him to stop. Kujawski continued to run from the patrol officer until another officer arrived to assist in bringing Kujawski to the ground. Even on the ground, Kujawski continued to resist.

"A presentence report is presumed to be accurate and may be relied on by the trial court unless effectively challenged by the defendant." *People v Callon*, 256 Mich App 312, 334; 662 NW2d 501 (2003). Before he was sentenced, Kujawski confirmed that he reviewed the PSIR and his counsel indicated that it required no additions, corrections, or deletions. Therefore, Judge Borchard was free to rely on the description of the offense contained in the PSIR.

That Judge Borchard did not hear the evidence presented at the plea hearing is simply immaterial under these circumstances. Judge Borchard did not take Kujawski's plea, but he was informed of the same facts Kujawski admitted to Judge Teeple. Because Judge Borchard was aware of the same facts that were known to Judge Teeple, he was able to tailor the sentence to Kujawski and the circumstances surrounding the offense. Therefore, it was not outside the range of reasonable outcomes for Judge Borchard to deny Kujawski's request for resentencing. *Watkins*, 491 Mich at 467.

## III. CONSECUTIVE SENTENCING

Kujawski also argues that Judge Borchard failed to adequately explain his reasons for imposing a consecutive sentence. Again, we disagree.

"[W]hen a statute grants a trial court discretion to impose a consecutive sentence, the trial court's decision to do so is reviewed for an abuse of discretion[.]" *People v Norfleet*, 317 Mich App 649, 654; 897 NW2d 195 (2016) (*Norfleet I*). An abuse of discretion occurs when "the trial court's decision was outside the range of reasonable and principled outcomes." *Id*.

When Kujawski fled from the patrol officer in this case, he was on bond awaiting sentencing for other felonies. Accordingly, consecutive sentencing was discretionary pursuant to MCL 768.7b(2)(a). In imposing a discretionary consecutive sentence, trial courts are required to articulate reasons on the record for each consecutive sentence ordered. *Norfleet I*, 317 Mich App at 665. The purpose of requiring such reasoning is to facilitate appellate review and to ensure that consecutive sentencing "is reserved for those situations in which so drastic a deviation from the norm is justified." *Id*. at 665.

This Court has previously concluded that speaking "only in general terms" is insufficient to support imposition of a consecutive sentence. *Id*. at 666. In *Norfleet I*, the trial court merely stated "that it took into account defendant's 'background, his history, [and] the nature of the offenses involved,' " to rationalize imposing several consecutive sentences. *Id*. (alteration in original). This Court determined that the trial court's generalized statement was insufficient. *Id*. Instead, the trial court should have provided "particularized reasons—with reference to the specific offenses and the defendant—to impose each [consecutive] sentence . . . ." *Id*.

After *Norfleet I* was remanded, the trial court articulated the following expanded explanation for imposing a consecutive sentence:

[A]s the prosecutor states in his brief, some of the considerations for consecutive sentencing are the defendant's extensive criminal history which we reviewed, his extremely violent criminal history which we reviewed, his failure to be rehabilitated, his failure to be gainfully employed, . . . his use and manipulation of addicts to sell heroin, his use and manipulation of his 18[-]year[-]old girlfriend to sell heroin, the length and extensiveness of his heroin dealing, the amount of money he gained from his heroin dealing and the fact that consecutive sentences deter others from committing similar crimes. [*People v Norfleet (After Remand)*, 321 Mich App 68, 72; 908 NW2d 316 (2017) (*Norfleet II*).]

Based on this explanation, this Court concluded that the trial court understood the directives of *Norfleet I* and had properly "stated its rationale for believing that the strong medicine of a consecutive sentence was appropriate in this case[.]" *Id*. at 73.

We find Kujawski's criticism of the trial court's reasons for imposing a consecutive sentence unpersuasive. While Kujawski acknowledges Judge Borchard's statement that he had "taken into account . . . such factors as punishment, protection of society, deterrence[, and] rehabilitation," as well as Judge Borchard's reference to Kujawski's criminal record, his argument ignores other important matters cited by Judge Borchard at the time of sentencing. In particular, Judge Borchard noted that, according to information in the PSIR, Kujawski had "a high probability for criminal personality, and presidential [sic: residential] instability," and that Kujawski was "not a suitable candidate for community supervision." In addition, after dismissal of a charge under the Holmes Youthful Trainee Act (HYTA), MCL 762.11 *et seq*., Kujawski went on to commit the identical offense the very same year. Judge Borchard also noted several other offenses that made Kujawski "no stranger to the criminal justice system[.]"

Judge Borchard further elaborated reasons for imposing a consecutive sentence at the hearing on Kujawski's motion:

> In addition, he has had alcohol problems, probable substance abuse. [Despite] [t]he fact that he's been on these prior probations[,] he still continues to engage in criminal behavior. In fact, [he] missed a sentencing date, missed reporting for jail and then ran from police when they did locate him. The agent[']s description of the events as indicated in the notes, he took off running from the vehicle and had to be taken to the ground. [He has] [p]rior convictions dating back to [2009] for retail fraud. [He] [w]as given a break [] on HYTA. Then again a few months later another . . . conviction, jail, traffic convictions for operating while intoxicated. [He] [d]id not appear for an original sentence as noted back [in May]. . . . [He has] [o]ther misdemeanor convictions[;] I'm not covering them all.

Judge Borchard's remarks more closely resemble the level of depth and specificity presented in *Norfleet II*, rather than the general, nonspecific articulation that was rejected in *Norfleet I*. As in *Norfleet II*, Judge Borchard detailed Kujawski's lengthy criminal history and failure to be deterred from criminal behavior, which clearly explains his rationale for imposing a consecutive sentence based on more than generic reasons. Lastly, Judge Borchard's emphasis on Kujawski's persistent criminal behavior despite prior lenient sentencing suggests a valid reason to impose a consecutive sentence.

Kujawski also argues that the lower court erred in recycling reasons to impose a consecutive sentence that were previously factored into his PRV score. However, Kujawski fails to cite any authority for the proposition that a trial court cannot rely on factors that are accounted for in the sentencing guidelines. When a defendant presents an issue without citing to specific authority on appeal, the issue is considered to be abandoned. *People v Russell*, 266 Mich App 307, 316; 703 NW2d 107 (2005). But at any rate, it is worth mentioning that Kujawski's criminal history is not *fully* accounted for in his PRV score. The trial court assessed 10 points for PRV 6 (relationship to criminal justice system), which is appropriate when the "offender is on parole, probation, *or* delayed sentence status *or* on bond awaiting adjudication or sentencing

for a felony." MCL 777.56(1)(c) (emphasis added). In other words, an offender who meets any single alternative listed in MCL 777.56(1)(c) should be assessed 10 points for PRV 6. Kujawski, however, met two of these alternatives—he was on probation *and* on bond for another felony at the time he committed the sentencing offense. Therefore, even if the trial court had only considered factors involved in scoring the sentencing guidelines, it would not be unreasonable for the trial court to determine that Kujawski's record warranted a harsher penalty in the form of a consecutive sentence.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Jane M. Beckering
/s/ Anica Letica