*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
January 14, 2021

v

No. 350186
Grand Traverse Circuit Court
LC No. 19-013150-FH

MICHAEL EUGENE JOHNSON,

Defendant-Appellant.

Before: REDFORD, P.J., and MARKEY and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of unlawful imprisonment, MCL 750.349b, felonious assault, MCL 750.82, and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to serve concurrent prison terms of 3 to 15 years for the unlawful imprisonment conviction and two to four years for the felonious assault conviction. Defendant was additionally sentenced to two-year prison terms for the felony-firearm convictions, to be served concurrently with each other but consecutively to the other sentences. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On December 27, 2018, defendant and Nichole Chase (Chase), his ex-wife, agreed to meet at a credit union so that defendant could return some of their children's possessions. Before meeting defendant, Chase parked her SUV outside a nearby Dollar General and went into the store. According to Chase, when she returned with her purchases and got into her SUV, she discovered defendant sitting in the passenger seat; defendant then pointed a pistol at her and told her to drive to a carwash across the street. Chase did so and parked the car. Chase testified that defendant held her at gunpoint in her car at the carwash parking lot for several hours and threatened multiple times to kill her. At one point, Rob Bach (Rob), an owner of the carwash, pulled his car up next to them to ask them if they needed help. Chase testified that defendant told her, "don't do anything stupid," and that she did not ask Rob for help. Shania Bach (Shania), Rob's daughter-in-law, testified that she observed defendant and Chase in the SUV and thought that they were fighting because Chase appeared to be crying and defendant was red-faced. Chase testified that defendant eventually left,

warning her not to contact the police or he would go to her house and kill her husband and children. Chase's husband testified that he received a phone call from Chase immediately after the incident and that Chase told him that defendant had threatened to kill him and the children if police were involved.

Defendant testified to a substantially different version of events. He admitted to being with Chase in her car that day, but stated that it was a voluntary meeting in which they discussed their prior relationship and she performed a sexual act on him. The jury convicted defendant as described. This appeal followed.

After filing his claim of appeal, defendant moved this Court to remand for a *Ginther*[1] hearing on the issue of his counsel's alleged ineffectiveness at sentencing, which this Court denied.[2] On June 9, 2020, defendant filed another motion to remand, arguing that he should be resentenced due to health concerns arising from the COVID-19 pandemic. This Court denied defendant's motion, but permitted defendant to file a supplemental brief on this issue.[3]

## II. OFFENSE VARIABLES

Defendant argues that offense variables (OVs) 8 and 19 were improperly scored at his sentencing hearing. We disagree. We review for clear error a trial court's factual findings in support of a particular OV score, which must be supported by a preponderance of the evidence. *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.* (quotation marks and citation omitted). Defense counsel objected to defendant's OV 19 score at sentencing, but did not object to his OV 8 score.

Defendant argues that the trial court erred by assessing 15 points for OV 8. OV 8 is "victim asportation or captivity." MCL 777.38. A score of 15 points is appropriate for OV 8 when "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." MCL 777.38(1)(a). "A victim is asported to a place or situation involving greater danger when moved away from the presence or observation of others." *People v Chelmicki*, 305 Mich App 58, 70-71; 850 NW2d 612 (2014). Assessing 15 points for OV 8 is appropriate even when the transportation is only "incidental to the offense." *People v Barrera*, 500 Mich 14, 22; 892 NW2d 789 (2017). Although OV 8 may not be scored if the sentencing offense is kidnapping, it may be scored if, as in this case, the sentencing offense is the "distinct crime" of unlawful imprisonment. *People v Kosik*, 303 Mich App 146, 159; 841 NW2d 906 (2013).

---

[1] *People v Ginther*, 390 Mich 436, 445; 212 NW2d 922 (1973).

[2] *People v Johnson*, unpublished order of the Court of Appeals, entered April 13, 2020 (Docket No. 350186).

[3] *People v Johnson*, unpublished order of the Court of Appeals, entered July 13, 2020 (Docket No. 350186).

To justify a score of 15 points for OV 8, trial courts are not required to make findings of significant movement or significant increases in danger. Even incidental or slight movement is sufficient if the victim was placed in greater danger as a result, such as by being further removed from observers who could possibly render aid. See, e.g., *Chelmicki*, 305 Mich App at 71 (upholding the assessment of 15 points for OV 8 when the victim was standing on an apartment balcony and the defendant dragged her back into the apartment); *Barrera*, 500 Mich at 21-22, (upholding the assessment of 15 points for OV 8 when the "defendant took the victim from the living room into his bedroom in order to sexually assault her" because "the trial court could reasonably determine by a preponderance of the evidence that the victim was 'removed' to a location where the sexual assault was less likely to be discovered"); *People v Steele*, 283 Mich App 472, 490-491; 769 NW2d 256 (2009) (upholding the assessment of 15 points for OV 8 when the defendant took his victims to "a trailer on his property," "onto a tree stand," and "riding on a dirt bike, far away from the house," holding that "[t]he trailer, the tree stand, and the dirt-bike destination are all places or situations of greater danger because they [were] places where others were less likely to see defendant committing crimes"). *Id.* at 491.

Here, defendant instructed Chase to drive from the parking lot of the Dollar General to the parking lot of the carwash across the street. Although their testimony differed greatly on key issues, defendant and Chase agreed that the parking lot of the carwash was less heavily trafficked than that of the Dollar General. Defendant himself testified that the Dollar General parking lot was "too busy" and that there were "a lot of people, a lot of cars." Further, Shania testified that it was commonplace for the carwash parking lot to have "loiterers," so she "didn't think much" of seeing a car occupied by two people parked in the lot. This evidence supports the trial court's assessment of 15 points for OV 8; by moving Chase to a less-crowded parking lot where it may have seemed more commonplace for a car to remain parked and occupied for some time, defendant's acts were less likely to be discovered. *Barrera*, 500 Mich at 21-22. Defendant argues that the fact that he was nonetheless observed by witnesses while at the carwash means that the trial court lacked a sufficient basis to find that Chase was taken to a place of greater danger. However, it is not a requirement that the asportation result in defendant *successfully* avoiding detection in order to justify the assessment of 15 points. OV 8 was properly scored; therefore, defendant's alternative claim that his counsel was ineffective for failing to object to its score at sentencing is also without merit. See *People v Putnam*, 309 Mich App 240, 245; 870 NW2d 593 (2015) ("[C]ounsel is not ineffective for failing to raise meritless or futile objections.").

Defendant also argues that the trial court erred by assessing 15 points for OV 19. OV 19 "is threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services." MCL 777.49. A trial court must assess 15 points for OV 19 when "[t]he offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services." MCL 777.49(b). Threatening to kill in order to prevent a victim from reporting a crime warrants a score of 15 points for OV 19. *People v McDonald*, 293 Mich App 292, 300; 811 NW2d 507 (2011). Implied threats are also sufficient to justify scoring 15 points for OV 19. *Id.* at 299-300. Chase and her husband both testified that defendant told Chase not to go to the police, or defendant would kill her husband and children. Additionally, Chase testified that defendant warned her not to "do anything stupid" when Rob approached her car and, as a result, she did not ask Rob for help.

These threats and implied threats of violence clearly support the trial court's assessment of 15 points for OV 19. *McDonald*, 293 Mich App at 300.

### III.  INACCURATE INFORMATION AT SENTENCING

Defendant also argues that his right to be sentenced on the basis of accurate information was violated because the trial court sentenced him while under the mistaken impression that the crime of felonious assault carried with it a mandatory two-year minimum sentence.  We disagree.  Criminal defendants are entitled to a sentence that is based on accurate information and an accurate scoring of the sentencing guidelines.  *People v McGraw*, 484 Mich 120, 131; 771 NW2d 655 (2009).  Defendant argues that the trial court demonstrated its belief that felony assault was punishable by a mandatory two-year minimum sentence when it stated, "On the felonious assault or assault with a dangerous weapon, it's a two-year mandatory minimum, as I mentioned.  We'll sentence him to the Department of Corrections for no less than two years, no more than four years."

The trial court's comment cannot be read in isolation, however; based on the statements immediately preceding and following it, it is clear that the trial court simply made a misstatement when discussing defendant's sentences for felony assault and the felony-firearm sentence associated with it.  The above-referenced statement is the trial court's only reference to felonious assault and a mandatory minimum sentence.  The court's preceding statement (to which the court clearly was referring when it used the phrase, "as I mentioned"), related to the mandatory two-year sentence that was applicable to defendant's felony-firearm convictions.  And all of the trial court's other references to a two-year mandatory minimum sentence related to defendant's felony-firearm sentences.  Immediately after making the statement upon which defendant relies, the court stated that the sentences for "the unlawful imprisonment and the dangerous weapon assault are required by law to be consecutive to the Department of Corrections' two-year felony firearm sentence."  This statement also demonstrated awareness that the two-year mandatory minimum sentence was only for the felony-firearm convictions.  Further, the trial court correctly stated the statutory maximum for felony assault.  For these reasons, we are confident that the trial court did not sentence defendant under a mistaken belief that felonious assault carried with it a mandatory two-year minimum sentence.  And again, we therefore find no merit in defendant's related argument that his counsel was ineffective for failing to object to his felony assault sentence on this ground.  *Putnam*, 309 Mich App at 245.

### IV. COVID-19

Finally, defendant argues that he is entitled to resentencing because the trial court was unaware of the impending COVID-19 pandemic at the time it sentenced defendant.  Defendant argues that because his current state of health leaves him vulnerable to serious health complications if he were to contract the virus, the trial court might have given him a more lenient sentence, presumably a below-guidelines sentence, had it known about the pandemic.  We disagree that defendant is entitled to resentencing on these grounds, and this in any event is not the appropriate forum for seeking the requested relief.

Whether the pandemic entitles defendant to resentencing is a question of law, and we review questions of law de novo. *Brown*, 330 Mich App at 229.  Sentencing in Michigan under the sentencing guidelines is based on an evaluation of the circumstances of defendant's offense

and an examination of defendant's prior offenses.  See MCL 777.21.  When imposing a sentence, trial courts are required to adhere to "the principle of proportionality[, which] . . . requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 460; 902 NW2d 327 (2017) (quotation marks and citation omitted).  It is appropriate for trial courts to impose an out-of-guidelines sentence "when, in their judgment, the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime." *People v Walden*, 319 Mich App 344, 352; 901 NW2d 142 (2017) (quotation marks and citation omitted).  A sentence that falls within the recommended range of the guidelines is presumed to be proportionate. *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008).

Defendant argues that the trial court might have imposed a more lenient sentence had it been aware of the pandemic at the time of sentencing; in essence, he suggests that the pandemic is a mitigating factor.  Information about the pandemic would not have impacted defendant's recommended minimum sentence range under the guidelines however, and, even if a trial court were inclined to impose a below-guidelines sentence because of the pandemic, trial courts are directed to consider only "the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 500 Mich at 460.  Had the trial court possessed knowledge of a future pandemic, it would not have been relevant to "the seriousness of the circumstances surrounding" defendant and his offenses, and would not have justified an out-of-guidelines sentence. *Id*. Because defendant has presented no relevant information that the trial court did not have at the time of sentencing, defendant was not deprived of his right to a sentence that is based on accurate information.  To the extent that defendant's argument relates to prison conditions or can be viewed as a request for medical probation, compassionate release, or commutation, such requests are not dealt with by this Court in the context of a criminal appeal.  See *People v Humble*, 146 Mich App 198, 201; 379 NW2d 422 (1985) (holding that issues of prison overcrowding were unrelated to individual sentencing); MCL 771.3g and MCL 771.3h (concerning medical probation and compassionate release); *Makowski v Governor*, 495 Mich 465, 469-470; 852 NW2d 61 (2014) (describing commutation procedure).

Affirmed.


/s/ James Robert Redford
/s/ Jane E. Markey
/s/ Mark T. Boonstra