*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

VARIEN MARCELLE BENNETT,

Defendant-Appellant.

FOR PUBLICATION
October 27, 2022
9:05 a.m.

No. 354903
Berrien Circuit Court
LC No. 2019-003979-FH

Before: SHAPIRO, P.J., and GADOLA and YATES, JJ.

YATES, J.

As a matter of tradition and practice, Michigan generally requires each criminal defendant to be sentenced by the judge who took the defendant's guilty plea. In this case, defendant, Varien Marcelle Bennett, pleaded guilty, as a third-offense habitual offender, MCL 769.11, to assault by strangulation, MCL 750.84, before Judge Sterling R. Schrock. But as a result of an intervening administrative order, his sentencing was scheduled to take place before Judge Charles T. LaSata. Bennett objected, contending that his right to due process would be violated if he were sentenced by any judge other than Judge Schrock. Despite that objection, Judge LaSata sentenced Bennett to 114 to 240 months' imprisonment to be served consecutive to a prison term that Bennett received for an unrelated conviction. Bennett now appeals by leave granted.[1] We reverse and remand.

## I. FACTUAL BACKGROUND

While on parole for an unrelated offense, Bennett demanded his ex-girlfriend come to his residence so he could confront her about the possibility that she was seeing other people. Bennett turned violent after she arrived, punching her in the face several times and beating her with objects such as a pool cue and a metal pipe. Bennett barricaded the residence so that she could not leave. He kept her there for approximately ten days in a room with a padlocked door and barred windows. Throughout the week, Bennett put his hands around her neck in an attempt to restrict her breathing, beat her repeatedly, and brandished a pistol to threaten her. For that conduct, Bennett was charged

---

[1] *People v Bennett*, 508 Mich 1014; 967 NW2d 636 (2022).

as a third-offense habitual offender, MCL 769.11, with one count of unlawful imprisonment, MCL 750.349b; one count of felon in possession of a firearm, MCL 750.224f(1); one count of felon in possession of ammunition, MCL 750.224f(6); one count of assault with a dangerous weapon, MCL 750.82; and four counts of carrying a firearm during the commission of a felony, MCL 750.227b. Bennett ultimately pleaded guilty to a reduced charge of assault with intent to do great bodily harm less than murder by strangulation, MCL 750.84, as a third-offense habitual offender, in exchange for the dismissal of all other charges. Judge Schrock accepted Bennett's guilty plea in November 2019. Sentencing was scheduled for January 13, 2020. But before Bennett's sentencing hearing, Berrien Circuit Court Chief Judge Mabel Johnson Mayfield issued an administrative order that altered judicial assignments.

That order assigned Judge Schrock to another courthouse, so Bennett's case was reassigned to Judge LaSata for sentencing. Bennett filed an objection to being sentenced by a different judge, contending that only Judge Schrock had sufficient knowledge of the facts to craft a proportionate sentence. Bennett also claimed that having any other judge preside at his sentencing hearing would violate his due-process rights and cause him unfair prejudice. Despite that objection, Judge LaSata conducted Bennett's sentencing hearing. After considerable discussion of the facts of the case, the presentence investigation report (PSIR), and the scoring of various offense variables, Judge LaSata overruled Bennett's objection and imposed a sentence at the high end of the applicable sentencing guidelines range because of the violent nature of the crime. Specifically, Judge LaSata sentenced Bennett to serve 114 to 240 months' imprisonment for the offense of conviction consecutive to his sentence for a parole violation. Bennett advanced his argument on appeal, and our Supreme Court ultimately remanded his case "to the Court of Appeals for consideration as on leave granted." See *People v Bennett*, 508 Mich 1014; 967 NW2d 636 (2022). Accordingly, we must address Bennett's claim that error occurred when Judge LaSata, rather than Judge Schrock, conducted his sentencing hearing.

## II. LEGAL ANALYSIS

On appeal, Bennett argues that his constitutional due-process rights were violated when he was sentenced by a different judge than the one who accepted his guilty plea.[2] This Court reviews constitutional questions de novo. *People v Wiley*, 324 Mich App 130, 164; 919 NW2d 802 (2018). Significantly, however, the United States Constitution does not afford a criminal defendant a right to be sentenced by the judge who accepted the guilty plea. *Taylor v Bowersox*, 329 F3d 963, 969 (CA 8, 2003) ("there is no independent federal right to be sentenced by the same judge that took the guilty plea").[3] Thus, Bennett must make his case for that right under the Michigan Constitution of 1963. Whether such a right exists is a matter we review de novo. *Wiley*, 324 Mich App at 164. And if no such constitutional right exists, Bennett may nonetheless rely upon a statute, a court rule, or some other source of Michigan law to press his objection to the imposition of his sentence by a

---

[2] Bennett has not argued that his sentence exceeded the applicable sentencing guidelines range or that his sentencing guidelines range was erroneously scored. Accordingly, we need not address the propriety of the sentence that Judge LaSata imposed upon Bennett.

[3] Although lower federal court decisions are not binding on state courts, they may be persuasive. See *Abela v GMC*, 469 Mich 603, 606-607; 677 NW2d 325 (2004).

judge who did not take his guilty plea. Therefore, we shall consider all sources of Michigan law in addressing Bennett's challenge to his sentencing hearing. In doing so, we review all questions of law de novo. *People v Hartwick*, 498 Mich 192, 214; 870 NW2d 37 (2015).

In a summary order issued in 1979, our Supreme Court remanded a criminal case with the directive that "defendant be resentenced before the judge who presided at his trial, provided that judge is reasonably available." *People v Clemons*, 407 Mich 939; 291 NW2d 927 (1979). Such a ruling made good sense in a case where the trial judge heard the evidence that prompted a jury to return a guilty verdict against the defendant, but our Supreme Court provided no legal basis for its summary order. In 1980, our Supreme Court extended that approach to a plea-based conviction, simply stating that "the case is remanded to Monroe Circuit Court with the direction that defendant be sentenced before the judge who accepted his guilty plea, provided that judge is reasonably available." *People v Clark*, 408 Mich 945; 295 NW2d 482 (1980). Four years later, we cited the orders in *Clark* and *Clemons* for the proposition that a "defendant is entitled to be sentenced before the judge who accepts his plea provided that judge is reasonably available." *People v Van Auker (After Remand)*, 132 Mich App 394, 399; 347 NW2d 466 (1984), rev'd on other grounds, 419 Mich 918 (1984).[4] But because "the plea-taking judge was not reasonably available to sentence defendant since he no longer had the authority to act as a circuit judge in that circuit at the time of sentencing[,]" we concluded that the defendant "therefore [was] not entitled to resentencing by the judge who accepted his guilty plea." *Id.* Thus, our ruling in *Van Auker* provided neither a basis for the rule nor any relief for the defendant. In 1985, however, in yet another case, we not only referred to *Clark* and *Clemons*, but also afforded relief to the defendant by remanding the case "with the direction that defendant be resentenced before [the plea-taking judge] if he is reasonably available." *People v Humble*, 146 Mich App 198, 200; 379 NW2d 422 (1985). And so a legal concept was born without any identified constitutional or statutory basis.

In the ordinary course of things, the pronouncement of a concept seemingly created out of whole cloth is closely followed by promulgation of a court rule that formally states the concept in a manner that provides clear guidance to the bench, bar, and litigants. Alas, we have searched in vain for a court rule or statute that recognizes and defines a right to be sentenced by the judge who took the guilty plea.[5] As a result, we have tried to fill in the details of our own rule by stating that

---

[4] Court of Appeals cases decided before November 1, 1990, are not binding. MCR 7.215(J)(1). Although we are not "strictly required to follow uncontradicted opinions from this Court decided prior to November 1, 1990, those opinions are nonetheless considered to be precedent and entitled to significantly greater deference than are unpublished cases." *People v Bensch*, 328 Mich App 1, 7 n 6; 935 NW2d 382 (2019) (quotations marks and citation omitted).

[5] On several occasions, courts have cited MCR 2.630 as the basis for the concept. See, e.g., *People v Dorsey*, unpublished per curiam opinion of the Court of Appeals, issued March 28, 2000 (Docket No. 208447), p 2. But MCR 2.630 provides direction in situations when, "after a verdict is returned or findings of fact and conclusions of law are filed, the judge before whom an action has been tried is unable to perform the duties prescribed by these rules because of death, illness, or other disability[.]" See MCR 2.630. When a defendant enters a guilty plea, however, no trial takes

"[t]he purpose of the rule is to ensure that the judge who hears the evidence at plea will sentence defendant based upon the circumstances established at the time of the plea." *People v Pierce*, 158 Mich App 113, 115; 404 NW2d 230 (1987). Likewise, our Supreme Court has explained that the rule "recognizes that the judge who accepts a defendant's plea is in the best position to ensure that a defendant's sentence is 'based upon the circumstances established at the time of the plea,' so that, consistently with the 'modern view of sentencing,' the sentence imposed is 'tailored to the particular circumstances of the case and the offender.' " *People v Lee*, 489 Mich 289, 300 n 7; 803 NW2d 165 (2011). To be sure, the combination of a judge's ability to review a recording or transcript of the plea hearing and the ready access to a detailed PSIR arguably renders unsound that justification of the rule.[6] Nevertheless, we have confirmed time and time again "that a defendant is entitled to be sentenced before the judge who accepts the plea, provided that judge is reasonably available." E.g., *People v Robinson*, 203 Mich App 196, 197; 511 NW2d 713 (1993). Therefore, we are bound by precedent to follow and apply our own rule in this case.

Judge Schrock took Bennett's guilty plea on November 14, 2019, and received the factual basis for the plea from Bennett. As is often the case, the factual basis was established with only a few questions from the trial court and a few corresponding responses from Bennett. After the plea hearing, a transcript of that proceeding was prepared on February 5, 2020. In the meantime, Judge LaSata conducted Bennett's sentencing hearing on January 13, 2020. At that hearing, the attorney for Bennett referred to a written objection she filed and orally reiterated Bennett's objection to the sentencing hearing being conducted by Judge LaSata, as opposed to Judge Schrock, who took the plea. Judge LaSata chose to "overrule the objection and proceed with sentencing." Judge LaSata then sentenced Bennett within the applicable sentencing guidelines range. Nothing in the record of the plea and sentencing hearings suggests that Judge Schrock or Judge LaSata engaged in any type of impropriety. The plea and sentencing hearings were entirely unremarkable, but for the fact that the two hearings were handled by different judicial officers.

But by a straightforward application of our rule "that a defendant is entitled to be sentenced before the judge who accepts the plea, provided that judge is reasonably available[,]" *Robinson*, 203 Mich App at 197, Bennett seems entitled to relief in the form of a remand for a new sentencing hearing before the plea-taking judge unless the plea-taking judge was not reasonably available at the time of Bennett's sentencing hearing on January 13, 2020. By all accounts, Judge Schrock was transferred before the sentencing hearing by administrative order from the courthouse in St. Joseph to the courthouse in Niles, so he remained in Berrien County, but he worked at a new location. On appeal, the prosecution "concede[s] that Judge Schrock, who remained a sitting judge in Berrien County after the new concurrent jurisdiction plan went into effect, was reasonably available to sentence defendant." Nevertheless, the prosecution contends that "defendant should not be granted relief because this judicially created right" to be sentenced by the plea-taking judge does "not apply

---

place, so MCR 2.630 has no application when deciding which judge may conduct the sentencing hearing.

[6] Indeed, our review of the record leaves no doubt that Judge LaSata had much more information about the offense and the offender at the time of the sentencing hearing than Judge Schrock had at the time of the guilty plea hearing. As a result, Judge LaSata was perfectly equipped to conduct the sentencing hearing even though he did not take Bennett's guilty plea.

to a felony conviction obtained by guilty plea, and because defendant has suffered no prejudice." We shall address these two contentions in turn.

The prosecution's claim that the rule "should not apply to a felony conviction obtained by a guilty plea" has some attraction on first principles, but the argument comes much too late to alter the course of Michigan jurisprudence. After our Supreme Court granted relief to a defendant who pleaded guilty before one judge but was sentenced by a different judge, see *Clark*, 408 Mich at 945, we consistently and categorically pronounced that "a defendant is entitled to be sentenced before the judge who accepts the plea, provided that judge is reasonably available[.]" *Robinson*, 203 Mich App at 197. This Court is bound to follow its own published opinions under the rule of stare decisis, see MCR 7.215(C)(2) & (J)(1), and that principle carries special force when we have issued a published decision implementing an order from our Supreme Court. Thus, we must decline the prosecution's invitation to except plea-based convictions from the rule that another judge cannot conduct the sentencing hearing whenever the judge who presided at the criminal trial or who took the guilty plea is "reasonably available[.]" See *Robinson*, 203 Mich App at 197.

The prosecution's argument that Judge LaSata's sentence should stand "because defendant has suffered no prejudice" merits detailed analysis. The prosecution's proposed no-harm-no-foul exception to the rule blends concepts of prejudice and harmless error. See, e.g., *People v Burkett*, 337 Mich App 631, 644-646; 976 NW2d 864 (2021). In an unpublished opinion, we applied that approach to a challenge predicated upon the rule that the plea-taking judge must impose sentence if that judge is "reasonably available." *People v Kujawski*, unpublished per curiam opinion of the Court of Appeals, issued September 17, 2019 (Docket No. 345301), p 4. The *Kujawski* case differs from this case in an important respect, though. In *Kujawski*, the defendant offered no objection at the sentencing hearing to the imposition of sentence by a judge other than the judicial officer who took the defendant's guilty plea. But after the sentencing hearing, the defendant filed a motion to "correct his sentence" that raised for the first time the objection that the sentencing judge had not taken his guilty plea. As a result, if we had granted relief to the defendant in *Kujawski*, we would have allowed him two opportunities to be sentenced by two different judges even though he raised no contemporaneous objection to the judicial officer who presided at his first sentencing hearing. Here, in contrast, Bennett made clear before and during his sentencing hearing that he preferred to be sentenced by Judge Schrock, who took his guilty plea, rather than by Judge LaSata. Therefore, Bennett did nothing to game the system in an attempt to obtain two opportunities to be sentenced, so Bennett's case differs materially from *Kujawski*.

What remains is a situation that falls squarely within the rule handed down by our Supreme Court and filled out by our own published decisions. To be sure, Judge LaSata and Judge Schrock acted in conformity with a reassignment order governing the operations of their court, which itself followed the authorization afforded by MCR 8.111(C)(2) to reassign judges "under a concurrent jurisdiction plan" and ensure that "the successor judge will be assigned all cases filed after the date of reassignment, any pending matters, and postjudgment matters that relate to disposed cases." In recognizing the authority granted by MCR 8.111(C)(2), however, we cannot simply abandon the longstanding rule "that a defendant is entitled to be sentenced before the judge who accepts the plea, provided that judge is reasonably available." *Robinson*, 203 Mich App at 197. Our Supreme Court, in adopting MCR 8.111(C)(2), cannot be presumed to have abrogated the rule *sub silentio*, so we must faithfully apply the rule in this case as a matter of stare decisis. Thus, we must reverse

and remand the case for a new sentencing hearing before Judge Schrock if he is still "reasonably available" to conduct that hearing.[7]

Reversed and remanded. We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola

---

[7] In providing relief to Bennett in this case, however, we must express concern that the rule devised decades ago by our Supreme Court in *Clemons*, 407 Mich 939, and *Clark*, 408 Mich 945, remains ill-defined. The bench and bar still must wonder whether the right afforded to defendants may likewise be invoked by the prosecution to assure sentencing by the plea-taking judge. Beyond that, there remain questions about whether the rule is one of automatic reversal or whether it allows room for the prosecution to argue harmless error due to the absence of prejudice. Consequently, we strongly encourage the adoption of a court rule to precisely define the contours of the rule.