**Lansing, Michigan**

# Opinion

Chief Justice:        Justices:
Robert P. Young, Jr.  Michael F. Cavanagh
                      Marilyn Kelly
                      Stephen J. Markman
                      Diane M. Hathaway
                      Mary Beth Kelly
                      Brian K. Zahra

FILED JUNE 30, 2011

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

　　　　Plaintiff-Appellee,

v                                         No. 141570

KENT ALLEN LEE,

　　　　Defendant-Appellant.

BEFORE THE ENTIRE BENCH

CAVANAGH, J.

In this case, we hold that the trial court erred when it required defendant to register as a sex offender under the Sex Offenders Registration Act (SORA) 20 months after defendant had been sentenced.[1]  Accordingly, we reverse the judgment of the Court of Appeals, which had affirmed the trial court's decision to require defendant to register under SORA.

---

[1] We acknowledge that the Legislature amended various provisions of SORA effective July 1, 2011.  2011 PA 17.  Because the trial court decided the relevant issues before July 1, 2011, we analyze this case under the statutory provisions in effect when the case was decided by the trial court.

## I. FACTS AND PROCEDURAL HISTORY

On August 6, 2005, defendant and his wife agreed to babysit their neighbors' two boys. Defendant prepared the children for bedtime by bathing them. Defendant's son and the older neighbor boy went to another room after getting dressed for bed. The younger neighbor boy, three-year-old JW, was uncooperative as defendant attempted to diaper and dress him. According to defendant, he used his finger to flick JW's penis in an effort to get his attention. Defendant flicked JW's penis twice because JW did not respond to the first flick. JW cried after the second flick.

Defendant was charged with second-degree criminal sexual conduct and second-degree child abuse with sentence enhancement as a fourth-offense habitual offender.[2] On January 27, 2006, defendant pleaded *nolo contendere* to third-degree child abuse as a second-offense habitual offender. MCL 750.136b(5); MCL 769.10. The parties agreed that the trial court could use the police report as the factual basis for the plea, and, at the plea hearing, the trial court quoted briefly from the police report.

At sentencing on March 17, 2006, the prosecution requested that defendant be required to register as a sex offender under SORA's catchall provision, MCL 28.722(e)(*xi*). In support of the registration request, the prosecution recited statements from the victim advocate that defendant had rubbed JW's penis and given him candy after the flicking incident. Defendant objected, and Allegan Circuit Court Judge Harry A. Beach noted that the prosecution's supporting information was not included in the record. Furthermore, Judge Beach stated that defendant's crime was "a rather abusive assault"

---

[2] None of defendant's prior convictions involved criminal sexual conduct.

but not a "sex act" and concluded that registration under SORA was not appropriate in light of the facts in the record. Thus, Judge Beach did not require defendant to register under SORA, but left the question open, subject to the prosecution's setting a hearing to take testimony regarding whether defendant's conduct required registration. Judge Beach stated that the court was retaining jurisdiction for that purpose but issued a judgment of sentence that did not require registration.

Approximately 20 months after the sentencing hearing, the prosecution moved for entry of an order requiring defendant to register under SORA. Defendant objected, arguing that the procedure was improper. A hearing on the prosecution's motion was scheduled before Judge William A. Baillargeon because Judge Beach had retired. At the December 13, 2007, hearing, JW's father testified that he had had three conversations with defendant and that defendant had stated that he had been "bullying" JW, but had not explained what he meant by "bullying." Defendant testified that he was deeply sorry for his conduct and that he had flicked JW's penis in a reaction to JW's uncooperativeness. He explained that he used the term "bullying" to describe a grown man inflicting pain on a small boy. Defendant testified that he had not been disciplining JW in the sense that he had warned him that his penis would be flicked if he did not behave and further denied that his actions were intended to injure or humiliate JW. Finally, defendant stated that he had been frustrated when the incident occurred but not angry. No testimony or evidence was presented in support of the prosecution's prior assertions at sentencing that defendant had rubbed JW's penis and given JW candy after the flicking.

Judge Baillargeon ruled that defendant must register under SORA, stating that there was no procedural bar to granting the prosecution's motion because Judge Beach

3

had reserved a decision on the SORA issue. Also, Judge Baillargeon stated that the information used to support the plea was sufficient to show that defendant's act was "certainly something that would be envisioned by the law and I think that by itself would constitute the registration that the People seek." Finally, Judge Baillargeon concluded that the testimony from the evidentiary hearing supported his decision to require registration under SORA because the discussion about "bullying" rather than disciplining "underlies and bolsters" the registration requirement.

The Court of Appeals denied defendant's application for leave to appeal, but this Court remanded the case to the Court of Appeals for consideration as on leave granted. *People v Lee*, 485 Mich 914 (2009). On remand, the Court of Appeals affirmed Judge Baillargeon's decision to require registration under SORA. *People v Lee*, 288 Mich App 739; 794 NW2d 862 (2010). The Court of Appeals determined that there was no procedural bar to requiring registration, in part because registration may be imposed at any time while the trial court has jurisdiction over a defendant. The Court of Appeals concluded that because defendant was still on probation, the trial court retained jurisdiction, and, thus, Judge Baillargeon's decision to require registration under SORA was proper. *Id*. at 744-745. This Court granted defendant's application for leave to appeal. *People v Lee*, 488 Mich 953 (2010).

## II. STANDARD OF REVIEW

This Court reviews de novo lower courts' interpretations and applications of statutes and court rules. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008); *Pellegrino v AMPCO Sys Parking*, 486 Mich 330, 338; 785 NW2d 45 (2010).

4

## III. ANALYSIS

Under MCL 28.723(1)(a), a defendant must register as a sex offender if the defendant is convicted of a specified "listed offense" as defined in MCL 28.722(e)(*i*) through (*x*) and (*xii*) through (*xiv*). Defendant's crime in this case, third-degree child abuse, is not a specified listed offense. Therefore, if defendant is to be required to register, it must be under SORA's catchall provision, MCL 28.722(e)(*xi*), which requires registration for a "violation of a law of this state or a local ordinance of a municipality that by its nature constitutes a sexual offense against an individual who is less than 18 years of age." With regard to applying the catchall provision, MCL 769.1(13) explains that

> [i]f the defendant is sentenced for an offense other than a listed offense as defined in section 2(d)(*i*) to (*ix*) and (*xi*) to (*xiii*)[3] of the sex offenders registration act, 1994 PA 295, MCL 28.722, the court shall determine if the offense is a violation of a law of this state or a local ordinance of a municipality of this state that by its nature constitutes a sexual offense against an individual who is less than 18 years of age. If so, the conviction is for a listed offense as defined in section 2(d)(*x*) of the sex offenders registration act, 1994 PA 295, MCL 28.722, and the court shall include the basis for that determination on the record and include the determination in the judgment of sentence.

Thus, if a defendant's crime falls under the catchall provision, MCL 28.722(e)(*xi*), under MCL 769.1(13), the crime is a listed offense, requiring registration under SORA.[4] In

---

[3] "[S]ection 2" refers to MCL 28.722. MCL 28.722 was amended by 2002 PA 542, effective October 1, 2002, but the cross-reference in MCL 769.1(13) was not updated to reflect the fact that the applicable provisions in MCL 28.722 were relettered as subdivision (e), rather than subdivision (d), and that the catchall provision was renumbered as subparagraph (*xi*), rather than subparagraph (*x*).

[4] Because we conclude later in this opinion that the trial court improperly imposed the registration requirement after sentencing and, thus, erred when it granted the

5

turn, for convictions of listed offenses after October 1, 1995, MCL 28.724(5) provides the following with regard to SORA's registration procedures: (1) the defendant "shall register before sentencing," (2) "[t]he probation officer or the family division of circuit court shall give the individual the registration form after the individual is convicted" and explain the individual's duties under SORA, and (3) "[t]he court shall not impose sentence . . . until it determines that the individual's registration was forwarded to the department [of state police] as required under [MCL 28.726]." Finally, for crimes falling under the catchall provision, MCL 769.1(13) adds additional procedural requirements regarding registration under SORA, including that the court must include the determination that the crime is a listed offense under the catchall provision, for which registration was therefore required, "in the judgment of sentence."

In this case, the only issue we reach is the effect of the trial court's failure to include a definitive determination of defendant's registration status in the judgment of sentence and the subsequent 20-month delay between sentencing and the determination that defendant must register. We hold that the trial court's decision mandating registration was erroneous because the court failed to comply with the statutory requirements.

To begin with, we reject the Court of Appeals' conclusion that the trial court "did not commit procedural error" when it ordered defendant to register under SORA 20

prosecution's postsentencing motion requesting that the trial court require defendant to register, we need not determine whether, on the facts of this particular case, defendant's crime "by its nature constitutes a sexual offense" sufficient to satisfy SORA's catchall provision. MCL 28.722(e)(*xi*). As a result, this opinion should not be interpreted to hold that defendant's conduct in this case was or was not a sexual offense.

6

months after sentencing. The Court of Appeals reasoned that the trial court retained jurisdiction over defendant because defendant remained on probation. *Lee*, 288 Mich App at 744-745. However, the Court of Appeals cited no authority in support of its conclusion and, indeed, none exists.

Furthermore, it is clear that the trial court committed multiple procedural errors in this case. First, the trial court did not require defendant to register under SORA "before sentencing" as required by MCL 28.724(5). Second, because the trial court did not impose the registration requirement until long after sentencing had occurred, the trial court did not ensure completion of the second requirement of MCL 28.724(5), and, thus, both the probation officer and the family division of the circuit court failed to "give [defendant] the registration form after [defendant was] convicted" and explain his duties under SORA. Third, when the trial court imposed defendant's sentence without a final SORA determination, it ignored the clear directive of MCL 28.724(5) that it "*shall not* impose sentence . . . until it determines that the individual's registration was forwarded to the department [of state police] as required under [MCL 28.726]." (Emphasis added.) Finally, if defendant's conviction fell under the catchall provision, the trial court also failed to comply with MCL 769.1(13) when it entered the judgment of sentence without including in the judgment its determination that the crime was a listed offense for which registration was required. Although the trial court indicated in the judgment of sentence that a hearing was to be set regarding defendant's possible registration as a sex offender, that is not a determination regarding registration. Furthermore, there is no support in SORA for permitting a postsentencing hearing to make a determination regarding

7

registration. Indeed, such a hearing is a clear violation of the registration procedures established by MCL 28.724(5).[5]

As a result of these procedural errors by the trial court, the sentence imposed in the March 20, 2006, judgment of sentence may have been invalid. See *People v Whalen*, 412 Mich 166, 170; 312 NW2d 638 (1981) (recognizing that sentences that "do not comply with essential procedural requirements" are invalid). Thus, the prosecution could have sought to correct the sentence because, under MCR 6.429(A), "[a] motion to correct an invalid sentence may be filed by either party."[6]

---

[5] To the extent that *People v Meyers*, 250 Mich App 637, 640; 649 NW2d 123 (2002), implicitly endorsed such a delay when it affirmed the trial court's decision to require registration under SORA 23 days after sentencing, it is overruled.

[6] Because third-degree child abuse is not a specified listed offense requiring registration under SORA, and Judge Beach determined that, on the record available at sentencing, defendant's crime did not require registration because the facts did not satisfy the catchall provision, arguably the sentence imposed in the judgment of sentence, without a registration requirement, was valid. And, notably, MCR 6.429(A) states that a "court may *not* modify a valid sentence after it has been imposed except as provided by law." (Emphasis added.) See, also, *People v Barfield*, 411 Mich 700, 703; 311 NW2d 724 (1981) (stating that "a trial court cannot set aside a valid sentence and impose a new and different one, after the defendant has been remanded to jail to await the execution of the sentence") (quotation marks and citation omitted); *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997) ("[T]he authority of the court over a defendant typically ends when a valid sentence is pronounced . . . ."); and *People v Holder*, 483 Mich 168, 177; 767 NW2d 423 (2009) ("[I]f the original judgment of sentence was valid when entered, MCR 6.429[A] controls . . . ."). Therefore, arguably, the trial court should have rejected the prosecution's postsentencing motion to require defendant to register under SORA because the sentence imposed was valid and modification of a valid sentence is not permitted under MCR 6.429(A). But because we conclude that the prosecution was not entitled to have its postconviction motion considered even if the sentence imposed was invalid, we will assume, for purposes of this case, that the sentence was invalid.

8

In this case, however, the time limits to bring a motion to correct an invalid sentence were long past. MCR 6.429(B) sets the time limits for a motion to correct an invalid sentence, and that court rule applies to prosecutors and defendants alike because the statute governing appeals by the prosecution, MCL 770.12, does not indicate that the prosecution is entitled to seek relief beyond the time provided in the court rules. Because defendant entered a plea in this case, he could only appeal by leave of the Court of Appeals. See MCR 6.302(B)(5). Therefore, in this case, MCR 6.429(B)(3) required that a motion to correct the sentence be brought "within 6 months of entry of the judgment of conviction and sentence." But the prosecution's motion to require registration was filed *20 months* after the judgment of sentence entered. Thus, even if the sentence imposed in the March 20, 2006, judgment of sentence was invalid because of the procedural errors relating to registration under SORA, the prosecution's motion was untimely under MCR 6.429(B)(3), and the trial court should have denied it.

Finally, it is notable that Judge Beach determined that registration under the catchall provision, MCL 28.722(e)(*xi*), was not proper on the record before the trial court at sentencing. Although Judge Beach erroneously permitted the prosecution to bring additional evidence at a postsentencing hearing, see MCL 28.724(5) and MCL 769.1(13), the prosecution failed to provide any new evidence at that hearing in support of its previous claim that defendant had rubbed JW's penis and given JW candy after the flicking incident. Thus, Judge Baillargeon's conclusion that the information used to support the plea alone was sufficient to require registration under SORA's catchall provision was in direct conflict with Judge Beach's previous determination that the information used to support the plea *did not* support the prosecution's request for

9

registration. In accordance with the essence of the general rule favoring sentencing by the judge who accepts a plea,[7] Judge Beach's findings should have been afforded substantial deference. Indeed, in a case procedurally similar to this one, this Court stated that for a successor trial judge "[t]o sentence a prisoner to the penitentiary . . . when the [previous] trial judge has distinctly said he ought not to be so sentenced, is not supplying his omissions, but is overruling his decision." *Weaver v People*, 33 Mich 296, 298 (1876). Just as the successor judge in *Weaver* erred by overruling the predecessor judge's determination rather than merely correcting an omission, Judge Baillargeon's determination regarding registration under SORA improperly overruled Judge Beach's previous decision in light of the prosecution's failure to provide any new evidence or support for its previous claim that defendant had rubbed JW's penis and given JW candy after the flicking incident.

## IV. CONCLUSION

Under MCL 769.1(13) and MCL 28.724(5), a trial court must, before imposing a sentence, satisfy multiple requirements in order to properly require a defendant to register as a sex offender. Because the trial court in this case failed to satisfy those statutory requirements, its subsequent decision at a postsentencing hearing held 20 months after

---

[7] See, e.g., *People v Pierce*, 158 Mich App 113, 115; 404 NW2d 230 (1987), citing *People v Clemons*, 407 Mich 939 (1979). This general rule recognizes that the judge who accepts a defendant's plea is in the best position to ensure that a defendant's sentence is "based upon the circumstances established at the time of the plea," *Pierce*, 158 Mich App at 115-116, so that, consistently with the "modern view of sentencing," the sentence imposed is "tailored to the particular circumstances of the case and the offender," *People v McFarlin*, 389 Mich 557, 574; 208 NW2d 504 (1973).

the sentence was entered to require registration was erroneous. Furthermore, the prosecution failed to bring a motion to correct the arguably invalid sentence within the time limit provided in MCR 6.429(B)(3). Accordingly, we reverse the judgment of the Court of Appeals and vacate the trial court's order requiring defendant to register under SORA.

Michael F. Cavanagh
Robert P. Young, Jr.
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra