# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellant,

v

MATTHEW PETER GALLOWAY,

   Defendant-Appellee.

UNPUBLISHED
June 8, 2017

No.   331492
Oakland Circuit Court
LC No.   2000-173801-FH

Before:  JANSEN, P.J., and MURPHY and BORRELLO, JJ.

PER CURIAM.

The prosecution appeals by leave granted[1] a December 9, 2015 order granting defendant's petition to discontinue a requirement that he register under the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*., imposed as a condition of probation more than six months after defendant was sentenced.  We vacate the circuit court's order without prejudice to defendant filing a proper motion for relief from judgment under MCR 6.502.

On March 14, 2001, defendant pleaded no contest to one count of using the internet or a computer to communicate with a person for the purpose of committing or attempting to commit the offense of accosting a minor for immoral purposes, MCL 750.145d(1).  On April 11, 2001, the circuit court sentenced defendant to two years' probation, and ordered, without explanation, that defendant would not be required to register under the SORA.  Approximately 18 months later, on September 25, 2002, the Oakland County Prosecutor moved the circuit court to amend defendant's probation order to add a sex offender registration requirement.  The circuit court granted the prosecutor's motion.  Defendant did not appeal the decision.

Defendant was discharged from probation on March 6, 2003.  On October 7, 2015, defendant petitioned the trial court to discontinue his sex offender registration requirement pursuant to MCL 28.728c.  In support of his request, defendant argued that the prosecutor's 2002 motion to amend the terms of defendant's probation had been untimely, and pursuant to *People v Lee*, 489 Mich 289; 803 NW2d 165 (2011), defendant could not be required to register under the

---

[1] *People v Galloway*, unpublished order of the Court of Appeals, entered July 21, 2016 (Docket No. 331492).

-1-

SORA because the proper procedures for requiring registration were not followed. The circuit court agreed and granted the petition, ordering that defendant would have his name removed from the Michigan Sex Offender Registry, defendant's obligation to register under the SORA would be discontinued, and defendant would have no further obligation to register as a sex offender.

On appeal, the prosecution argues that the circuit court erred in granting defendant's petition because defendant brought his petition under MCL 28.728c and failed to satisfy the requirements of that statute. According to the prosecution, the circuit court lacked the authority to grant defendant's request without demanding compliance with the requirements for a motion for relief from judgment under MCR 6.508. We agree.

The decision to grant or deny a petition for discontinuance of sex offender registration under MCL 28.728c is discretionary with the trial court, and we therefore review it for an abuse of discretion. See *Stallworth v Stallworth*, 275 Mich App 282, 284; 738 NW2d 264 (2007) ("We review for an abuse of discretion a trial court's discretionary rulings that are permitted by statute[.]"). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes or makes an error of law." *People v Swain*, 288 Mich App 609, 628-629; 794 NW2d 92 (2010) (citations omitted). "The construction and application of SORA, MCL 28.721 *et seq*., presents a question of law that is reviewed de novo on appeal." *People v Anderson*, 284 Mich App 11, 13; 772 NW2d 792 (2009). The proper interpretation of a court rule is also a question of law we review de novo. *Swain*, 288 Mich App at 629.

Although defendant brought his petition under MCL 78.728c, the circuit court granted defendant's request for discontinuation of the sex offender registration requirement after finding that such a conclusion was mandated by the Michigan Supreme Court's decision in *Lee*, 489 Mich 289. In *Lee*, the Court considered a trial court order similar to the one at issue here, which granted a motion by the prosecution, brought 20 months after the defendant's sentencing, for an order requiring the defendant to register under the SORA. *Id*. at 292-293. The *Lee* Court outlined the procedural requirements for the imposition of mandatory sex offender registration under SORA, *id*. at 295-296, before concluding that the trial court failed to meet them in the defendant's case:

> [I]t is clear that the trial court committed multiple procedural errors in this case. First, the trial court did not require defendant to register under SORA "before sentencing" as required by MCL 28.724(5). Second, because the trial court did not impose the registration requirement until long after sentencing had occurred, the trial court did not ensure completion of the second requirement of MCL 28.724(5), and, thus, both the probation officer and the family division of the circuit court failed to "give [defendant] the registration form after [defendant was] convicted" and explain his duties under SORA. Third, when the trial court imposed defendant's sentence without a final SORA determination, it ignored the clear directive of MCL 28.724(5) that it "shall not impose sentence . . . until it determines that the individual's registration was forwarded to the department [of state police] as required under [MCL 28.726]." [*Id*. at 297-298.]

The Court opined that "[a]s a result of these procedural errors by the trial court, the sentence imposed in the March 20, 2006, judgment of sentence may have been invalid." *Id*. at 298. The Court then noted that in such a case, the prosecution is entitled to seek correction of the invalid sentence under MCR 6.429(A). *Id*. at 297-298. However, the *Lee* Court noted that the six-month time period for the prosecution to file a motion to correct the invalid sentence under MCR 6.429(B) had passed by the time the prosecution filed its motion to impose registration requirements on the defendant in that case. *Id*. at 298-299. "Thus, even if the sentence imposed in the March 20, 2006, judgment of sentence was invalid because of the procedural error relating to registration under SORA, the prosecution's motion was untimely under MCR 6.429(B)(3), and the trial court should have denied it." *Id*. at 299. Ultimately, the *Lee* Court vacated the challenged order, explaining:

> Under MCL 769.1(13) and MCL 28.724(5), a trial court must, before imposing a sentence, satisfy multiple requirements in order to properly require a defendant to register as a sex offender. Because the trial court in this case failed to satisfy those statutory requirements, its subsequent decision at a postsentencing hearing held 20 months after the sentence was entered to require registration was erroneous. Furthermore, the prosecution failed to bring a motion to correct the arguably invalid sentence within the time limit provided in MCR 6.429(B)(3). Accordingly, we . . . vacate the trial court's order requiring defendant to register under SORA. [*Id*. at 301.]

It is possible that *Lee*, while in some ways distinguishable from the present case, supports discontinuation of defendant's registration requirements for failure of the trial court to follow the appropriate procedures. It is important to clarify, however, that the issue raised on appeal is *not* whether defendant is entitled to relief under *Lee*, and we decline to offer any opinion on the matter. Rather, the narrow issue before this Court is whether defendant appropriately sought such relief under MCL 28.728c, or whether defendant must move for relief from judgment under MCR 6.502.

Although defendant claimed that *Lee* supported his request for discontinuance of the sex offender registration requirement, he brought his petition in the circuit court pursuant to MCL 28.728c, a statute providing for discontinuance of registration under certain well-defined, limited circumstances. In pertinent part, MCL 28.728c provides:

> (3) An individual classified as a tier I, tier II, or tier III offender who meets the requirements of subsection (14) or (15) may petition the court under that subsection for an order allowing him or her to discontinue registration under this act.

> \* \* \*

> (14) The court shall grant a petition properly filed by an individual under subsection (3) if the court determines that the conviction for the listed offense was the result of a consensual sexual act between the petitioner and the victim and any of the following apply:

(a) All of the following:

(*i*) The victim was 13 years of age or older but less than 16 years of age at the time of the offense.

(*ii*) The petitioner is not more than 4 years older than the victim.

(b) All of the following:

(*i*) The individual was convicted of a violation of [MCL 750.158, 750.338, 750.338a, or 750.338b].

(*ii*) The victim was 13 years of age or older but less than 16 years of age at the time of the violation.

(*iii*) The individual is not more than 4 years older than the victim.

(c) All of the following:

(*i*) The individual was convicted of a violation of section [MCL 750.158, 750.338, 750.338a, 750.338b, or 750.520c].

(*ii*) The victim was 16 years of age or older at the time of the violation.

(*iii*) The victim was not under the custodial authority of the individual at the time of the violation.

(15) The court shall grant a petition properly filed by an individual under subsection (3) if either of the following applies:

(a) Both of the following:

(*i*) The petitioner was adjudicated as a juvenile.

(*ii*) The petitioner was less than 14 years of age at the time of the offense.

(b) The individual was registered under this act before July 1, 2011 for an offense that required registration but for which registration is not required on or after July 1, 2011. [MCL 28.728c.]

It is undisputed that defendant, convicted of violating MCL 750.145(d)(1)(a), a "listed offense," MCL 28.722(j); MCL 28.722(u)(*iv*), is a "tier II offender" for purposes of MCL 28.728c, MCL 28.722(t)(*ii*). Thus, to qualify for discontinuance of the registration requirements under MCL 28.728c(3), defendant must satisfy the requirements of either MCL 28.728c(14) or (15).

Defendant did not argue in the lower court that he met the requirements of either MCL 28.728c(14) or (15), and he does not argue that he does so on appeal. Regardless, based on the undisputed facts before us, we find that defendant is unable to meet the requirements for

discontinuance under either MCL 28.728c(14) or (15). Defendant was 47 years old when he committed his offense, and his intended victim was someone he believed to be 15 years old. Defendant is therefore unable to satisfy the requirements of either MCL 28.728c(14)(a) or (b), both of which require an age difference between the offender and the intended victim of less than four years. He is also unable to satisfy the requirements of MCL 28.728c(14)(c), which requires that the intended victim was more than 16 years old at the time of the offense. Defendant does not qualify for discontinuance under MCL 28.728c(15)(a), because he was not under the age of 14 at the time of the offense or adjudicated as a juvenile. Finally, because the offense for which defendant was convicted is still a listed offense requiring registration under the SORA, MCL 28.723(1)(a), defendant cannot meet the requirements of MCL 28.728c(15)(b). Defendant fails to rationalize the basis for his claim that the *Lee* decision entitles him to relief under MCL 28.728c, and we find the claim abandoned. *People v Solloway*, 316 Mich App 174, 198; 891 NW2d 255 (2016). The circuit court therefore abused its discretion when it granted defendant's petition and entered an order discontinuing defendant's registration requirement under MCL 28.728c.

Discontinuance of properly imposed registration requirements under the SORA is limited to situations where an offender satisfies the requirements of MCL 28.728c. MCL 28.728(c)(4). However, defendant's failure to qualify for discontinuance under MCL 28.728c does not deprive him of alternative avenues for seeking relief. MCL 28.728c(4) provides that while MCL 28.728c "is the sole means by which an individual may obtain judicial review of his or her registration requirements" under the SORA, "[t]his subsection does not prohibit an appeal of the conviction or sentence as otherwise provided by law or court rule."

Defendant argued in the circuit court that under *Lee*, the 2002 order amending the terms of defendant's probation to impose a registration requirement was invalid because the prosecutor and the trial court failed to follow the proper procedures before requiring defendant to register under the SORA. A defendant may bring a motion to correct an invalid sentence under MCR 6.429, which, in relevant part, provides:

(A) Authority to Modify Sentence. A motion to correct an invalid sentence may be filed by either party. The court may correct an invalid sentence, but the court may not modify a valid sentence after it has been imposed except as provided by law.

(B) Time for Filing Motion.

(1) A motion to correct an invalid sentence may be filed before the filing of a timely claim of appeal.

(2) If a claim of appeal has been filed, a motion to correct an invalid sentence may only be filed in accordance with the procedure set forth in MCR 7.208(B) or the remand procedure set forth in MCR 7.211(C)(1).

(3) If the defendant may only appeal by leave or fails to file a timely claim of appeal, a motion to correct an invalid sentence may be filed within 6 months of entry of the judgment of conviction and sentence.

(4) *If the defendant is no longer entitled to appeal by right or by leave, the defendant may seek relief pursuant to the procedure set forth in subchapter 6.500.* [Emphasis added.]

"It is well settled that subchapter 6.500 of the Michigan Court Rules establishes the procedures for pursuing postappeal relief from a criminal conviction," and that "[t]he subchapter is the exclusive means to challenge a conviction in Michigan once a defendant has exhausted the normal appellate process." *People v McSwain*, 259 Mich App 654, 678; 676 NW2d 236 (2003), quoting *People v Watroba*, 193 Mich App 124, 126; 483 NW2d 441 (1992); see also MCR 6.501.

It is undisputed that when defendant filed his 2015 petition, he was no longer entitled to appeal his 2001 sentence or the 2002 trial court order requiring defendant to register under the SORA, either by right or by leave granted. Defendant was therefore limited to the remedies available under Subchapter 6.500. Under MCR 6.502(A), defendant may make a motion to set aside or modify the 2002 circuit court order specifying all of the grounds for available relief. A motion brought pursuant to MCR 6.502(A) is properly granted when the defendant establishes entitlement to the relief requested in accordance with the procedures outlined in MCR 6.508. *McSwain*, 259 Mich App at 678-679.

On appeal, defendant contends that he is not required to follow the procedures in Subchapter 6.500 because the order requiring him to register under the SORA was invalid, and his registration requirement must be vacated in accordance with *Lee*. However, defendant has not explained how the *Lee* holding dispenses with the court rules or waives defendant's obligation to follow the appropriate procedures. Defendant acknowledged the need for authority to support his request for relief when he brought his petition under MCL 28.728c. Defendant's reliance on MCL 28.728c was misplaced, as that statute does not provide for discontinuance of registration requirements for any reason, including invalidity, other than those specifically enumerated. Even if defendant is entitled to relief under *Lee* for an invalid sentence, the proper vehicle for seeking such relief is a motion for relief from judgment pursuant to the procedures outlined in Subchapter 6.500.

The prosecution asks us to go further, and find that defendant cannot establish entitlement to relief from judgment under MCR 6.508(D). However, defendant never filed a motion under MCR 6.502 and the circuit court never addressed the issue of whether defendant met the requirements of MCR 6.508(D). Because this Court is an error-correcting court and there is no decision to review, we decline to address this issue further. *Allen v Keating*, 205 Mich App 560, 564; 517 NW2d 830 (1994) ("Appellate review is limited to issues actually decided by the trial court.").

We vacate the circuit court's 2015 order without prejudice to defendant filing a proper motion for relief from judgment. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ William B. Murphy
/s/ Stephen L. Borrello