*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROY JOHN KLINESMITH,

        Defendant-Appellant.

UNPUBLISHED
June 02, 2025
10:47 AM

No. 340938
Tuscola Circuit Court
LC No. 16-013834-FH

ON SECOND REMAND

Before: M. J. KELLY, P.J., and MALDONADO and YOUNG, JJ.

PER CURIAM.

This case involving registration under the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.* returns to us on remand from our Supreme Court. In 2017, defendant, Roy Klinesmith, was convicted of operating while intoxicated, third offense (OWI-III), MCL 257.625(1) and MCL 257.625(9)(c), and to possession of less than 25 grams of a controlled substance, MCL 333.7403(2)(a)(*v*). Following his convictions, an order of probation was entered on August 7, 2017. As relevant to this appeal, Klinesmith was ordered to register as a sex offender under SORA's "recapture" provision.[1] Klinesmith challenged the constitutionality of that requirement, arguing that it amounted to an unconstitutional ex post facto punishment. This Court disagreed and affirmed the registration requirement in an unpublished opinion; however, our Supreme Court vacated our opinion and remanded for reconsideration in light of the decision in

---

[1] The "recapture" provision requires SORA registration for "[a]n individual who was previously convicted of a listed offense for which he or she was not required to register under this act, but who is convicted of any other felony on or after July 1, 2011." See 2011 PA 17. Klinesmith has a 1983 conviction of attempted criminal sexual conduct, which triggered application of the recapture provision.

*People v Betts*, 507 Mich 527; 968 NW2d 497 (2021).[2]  On remand, this Court again upheld the registration requirement in a published opinion.[3]  Klinesmith again applied for leave to appeal in the Supreme Court.

Before the Supreme Court reached a decision on that application, the prosecution filed a motion to remand to the trial court to determine whether Klinesmith could be ordered to comply with SORA.  In its motion, the prosecution explained that Klinesmith had violated his probation, which led to it being revoked.  On February 11, 2020, he was resentenced to serve 2 to 20 years incarceration on his 2017 OWI-III conviction, and 2 to 15 years on his possession of a controlled substance conviction.  The February 11, 2020, judgment of sentence, however, did not include a SORA registration requirement.  On May 27, 2022, Klinesmith was discharged from his sentence.  Throughout the pendency of this litigation, Klinesmith has never registered as a sex offender.  In response to the prosecution's motion, Klinesmith contended that the Supreme Court should dismiss his appeal as moot because he cannot be required to comply with SORA.

Rather than remand to the trial court or dismiss the appeal as moot, our Supreme Court remanded the matter to this Court to determine whether, in light of the above facts, Klinesmith can be required to register as a sex offender.  For the reasons stated in this opinion, we conclude that Klinesmith cannot be obligated to register under SORA.  Accordingly, we recommend that the Supreme Court dismiss Klinesmith's appeal as moot.

## I.  STANDARD OF REVIEW

This remand involves issues of the interpretation and application of statutes and court rules, which we review de novo.  *People v Lee*, 489 Mich 289, 295; 803 NW2d 165 (2011).

## II.  ANALYSIS

SORA contains certain procedural requirements under which registration, including under SORA's recapture provision, "must proceed."  See MCL 28.724(1).[4]  The statute provides, subject to limited exceptions that do not apply here, as follows:

---

[2] *People v Klinesmith*, unpublished per curiam opinion of the Court of Appeals, issued November 15, 2018 (Docket No. 340938), pp 1-2, vacated 509 Mich 853 (2022).

[3] *People v Klinesmith (On Remand)*, 342 Mich App 39, 41, 43; 993 NW2d 21 (2022), oral argument ordered on the application ___ Mich ___ (2024) (Docket No. 164649), remanded ___ Mich ___ (2025) (Docket No. 164649).

[4] MCL 28.724 was amended in 2020, effective March 24, 2021, and added the "must proceed" language to the statute.  See MCL 28.724(2), as amended by 2020 PA 295.  Before that, the statute said the registration "shall proceed" as provided in the statute.  See MCL 28.724, as amended by 2011 PA 17.  However, like the word "must," the word "shall" indicates that the procedure was mandatory in nature.  See *Kircher v Ypsilanti*, 269 Mich App 224, 228; 712 NW2d 738 (2005).

[A]n individual convicted of a listed offense in this state after October 1, 1995 and an individual who was previously convicted of a listed offense for which he or she was not required to register under this act, but who is convicted of any other felony on or after July 1, 2011, shall register before sentencing, entry of the order of disposition, or assignment to youthful trainee status for that listed offense or that other felony. The probation agent or the family division of circuit court shall give the individual the registration form after the individual is convicted, explain the duty to register and accept the completed registration for processing under section 6. The court shall not impose sentence, enter the order of disposition, or assign the individual to youthful trainee status, until it determines that the individual's registration was forwarded to the department as required under section 6. [MCL 28.724(5).]

MCR 6.429[5] is also relevant to the issue presented on remand. Regarding motions to correct an invalid sentence, MCR 6.429(B) provides:

(1) A motion to correct an invalid sentence may be filed before the filing of a timely claim of appeal.

(2) If a claim of appeal has been filed, a motion to correct an invalid sentence may only be filed in accordance with the procedure set forth in MCR 7.208(B) or the remand procedure set forth in MCR 7.211(C)(1).

(3) If the defendant may only appeal by leave or fails to file a timely claim of appeal, a motion to correct an invalid sentence may be filed within the time for filing an application for leave to appeal under MCR 7.205(A)(2)(a) and (b)(i)-(iii).

(4) If the defendant is no longer entitled to appeal by right or by leave, the defendant may seek relief pursuant to the procedure set forth in subchapter 6.500.

Klinesmith pleaded no contest to the charges, and the appeal was before this Court on delayed leave granted.[6] Therefore, a motion to correct the invalid sentence would not fall under the provision relating to a claim of appeal,[7] and would instead fall under either MCR 6.429(B)(3)

---

[5] MCR 6.429 was amended in 2020 and 2021, which was after the judgment of sentence was issued in this case. See MCR 6.429, as amended May 5, 2021, 507 Mich clxxxii-clxxxiii (2023); MCR 6.429, as amended September 23, 2020, 506 Mich cxvi-cxvii (2023). However, neither amendment directly affected the time frames at issue in this remand.

[6] *People v Klinesmith*, unpublished order of the Court of Appeals, entered January 24, 2018 (Docket No. 340938).

[7] Klinesmith would not have a claim of appeal even though his probation was revoked and a new judgment of sentence was entered because his conviction was by plea. See *People v Perks*, 259 Mich App 100, 108-109, 115; 672 NW2d 902 (2003) (holding that the defendant could not file a claim of appeal from a judgment of sentence entered after the revocation of an order of probation

or (4). Finally, MCR 6.427(9) provides that the judgment of sentence must include "the conditions incident to the sentence[.]"

With this legal context in mind, we turn to the relevant caselaw on the retroactive imposition of the SORA registration requirements. The first relevant case discussing the retroactive modification of a judgment of sentence to include SORA registration is *Lee*. In *Lee*, 489 Mich at 291, our Supreme Court held that the trial court erred by amending a judgment of sentence to require the defendant to register as a sex offender under SORA approximately 20 months after he was sentenced. The Court explained that the trial court could not mandate the defendant's SORA registration because the court committed several procedural errors, including the failure to require the defendant to register *before* sentencing under MCL 28.724(5), and the requirement to ensure the defendant was given the registration form and explained his duties under SORA following his conviction. *Id*. at 297. The Court reasoned, "[T]here is no support in SORA for permitting a postsentencing hearing to make a determination regarding registration." *Id*. at 298. Additionally, the time limits under MCR 6.429(B) to correct an invalid sentence had expired when more than 20 months passed since the court issued the judgment of sentence. *Id*. at 298-299.

Next, in *People v Galloway*, 503 Mich at 881 (2018),[8] our Supreme Court reversed this Court's judgment and reinstated a trial court order that ended the defendant's SORA registration obligation. The Court explained that the April 2001 judgment of sentence expressly stated that the defendant was not required to register as a sex offender, and the trial court did not indicate it was amending that judgment at any point. *Id*. In contrast, the trial court's October 2002 order amending an earlier order of probation to add the SORA registration as a condition of probation "did not, and could not, extend the registration requirement beyond the term of probation." *Id*. Consequently, "[t]he authority to require compliance with SORA ended, at the very latest, after expiration of the five-year maximum period of probation that the trial court could have imposed." *Id*. The Court found the April 2001 judgment of sentence was "the operative judgment in [the] case," and that the trial court properly found that it could not require the defendant to register under SORA. *Id*.

Next, in *People v Nunez*, 342 Mich App 322, 325; 994 NW2d 824 (2022), this Court addressed a situation in which the defendant pleaded guilty to an offense for which SORA registration is mandatory. However, the district court did not inform the defendant of the registration requirement at sentencing, did not provide the defendant with a SORA registration form after he entered his guilty plea, and the judgment of sentence did not mention the SORA requirements. *Id*. After the defendant served his sentence, the prosecution instructed him through a letter that he was required to register under SORA. *Id*. at 325-326. The defendant initially complied by registering himself, but then moved to enforce the judgment of sentence (which did not require him to register under SORA). *Id*. at 326.

---

in a no-contest-plea case and was instead limited to requesting leave to appeal), lv den 469 Mich 1030 (2004).

[8] A Supreme Court order is binding on this Court if it is "a decision with an understandable rationale." *People v Giovannini*, 271 Mich App 409, 414; 722 NW2d 237 (2006).

The *Nunez* Court held the district court failed to comply with the SORA procedures by (1) failing to require the defendant to register under SORA "before sentencing," (2) failing to determine whether the defendant's probation agent gave him a registration form, and (3) sentencing the defendant despite the "clear directive of MCL 28.724(5) that it shall not impose sentence . . . until it determines that the individual's registration was forwarded to the department of state police as required under MCL 28.726." *Id*. at 329 (quotation marks and citation omitted; emphasis omitted). This Court explained that in *Lee*, the Supreme Court addressed "the effect of identical failures" and concluded that the trial court could not fix the issue by amending the judgment of sentence 20 months after sentencing. *Id*. Although the *Nunez* Court recognized that *Lee* was distinguishable because it applied SORA's "catchall" provision, it nevertheless concluded that the judgment of sentence violated MCR 6.427(9), which required the judgment of sentence to include " 'the conditions incident to the sentence.' " *Id*.

The *Nunez* Court explained that "[i]f a defendant has not been advised of SORA's obligations and the trial court has imposed sentence without determining that the defendant's registration was forwarded to the state police, the defendant need not register and cannot be prosecuted for failing to do so." *Id*. at 331. Further, principles of due process also came into play even in the guilty-plea context and required the court to inform the defendant of the consequences of the plea constituting " 'punishment.' " *Id*. (citation omitted). Lastly, the Court reasoned, under *Betts* and *People v Lymon*, 342 Mich App 46, 75-77; 993 NW2d 24 (2022), aff'd in part and vacated in part ___ Mich ___ (2024) (Docket No. 164685), the SORA registration requirement was a punishment. *Id*. at 331-332, 334. And "[b]ecause SORA is a punitive collateral consequence of the conviction of certain crimes, a defendant must be informed of its imposition before entering a guilty plea" and "the registration requirement must be included in the judgment of sentence." *Id*. Therefore, because the district court failed to follow the notice requirements and include the SORA registration in the judgment of sentence, the court could not apply SORA to the defendant, and it was "too late for the judge to amend or correct the judgment of sentence to add a registration requirement." *Id*. at 334-335.

Based upon the foregoing, we conclude that the SORA registration requirement needed to be incorporated in the judgment of sentence to be enforceable. Here, the trial court did not comply with the procedural requirements outlined in MCL 28.724(5) when the case was initially adjudicated, which *Nunez* held was necessary to ensure due process in guilty-plea cases. See *Nunez*, 342 Mich App at 330-331. Next, neither the 2017 judgment of sentence nor the February 12, 2020 amended judgment of sentence included a SORA registration requirement, which *Nunez* held was necessary to subject a defendant to the SORA requirements. See *id*. at 334. Again, there is no dispute Klinesmith did not register as a sex offender at any point. Thus, the same due-process considerations for the defendant's guilty-plea conviction in *Nunez* attached to Klinesmith's no-contest plea and required the trial court to ensure he was aware of the SORA requirements at the time of his plea. See *People v Guyton*, 511 Mich 291, 298; 999 NW2d 393 (2023) (explaining that "[a] guilty or no-contest plea constitutes a waiver of several constitutional rights and thus triggers specific protections for the defendant").

As noted earlier, the subject of SORA did not arise at any point during Klinesmith's no-contest plea hearing or his original sentencing, which violated basic due-process principles. See *Nunez*, 342 Mich App at 332. Nor, for that matter, was there any discussion about SORA when the court revoked Klinesmith's probation and entered the amended judgment of sentence in

-5-

February 2020. Even assuming that the trial court informed Klinesmith at his 2020 resentencing that it intended to require him to register under SORA, the procedures outlined in SORA were not followed because (a) there is no dispute Klinesmith did not take any steps to register as a sex offender before his resentencing (or at any point in time), and (b) the trial court did not determine his sex-offender registration form was forwarded to the appropriate department before imposing the new sentence, which is again evident from the fact that Klinesmith never registered as a sex offender and disputed the SORA registration requirement throughout the history of this appeal. See MCL 28.724(5).

The record is also devoid of any evidence Klinesmith was ever provided the SORA registration form following his conviction, nor were its contents explained. See MCL 28.724(5). The trial court also did not confirm in advance of sentencing or resentencing that the registration form, which Klinesmith likely never completed, was forwarded to the correct department. See *id*. Again, these requirements were mandatory. See MCL 28.724(1). Thus, the registration procedure failed to meet several of the mandatory requirements in MCL 28.724(5). These procedural failures, when combined with the failure to include the SORA registration requirement on any judgment of sentence, warrant a conclusion that Klinesmith is not subject to SORA registration. See *Nunez*, 342 Mich App at 334-335.

Moreover, like the defendant in *Nunez*, who had already served his jail term, Klinesmith was fully discharged from the sentence imposed after his probation was revoked. See *People v Gregorczyk*, 178 Mich App 1, 12; 443 NW2d 816 (1989) (explaining that an absolute discharge operates "as a remission of the remaining portion of [the] sentence' ") (citation omitted).[9] In fact, in cases in which the defendant has already served the minimum sentence, this Court has declined to review legal issues relating to the sentence on the basis that the issues are moot. See *People v Rutherford*, 208 Mich App 198, 204; 526 NW2d 620 (1994). The fact that Klinesmith was discharged approximately three years ago after serving his two-year minimum sentence provides further support that the trial court cannot retroactively impose a SORA obligation by amending the judgment of sentence now. Therefore, we conclude that the principles of due process as discussed in *Nunez* prevent the trial court from imposing a SORA registration requirement on Klinesmith.

In fact, the prosecution did not challenge in its motion to remand the application of *Nunez* to this case or suggest that the case is distinguishable somehow. Rather, the prosecution suggested *Nunez* may no longer be good law because of the Michigan Supreme Court's recent opinion in *Lymon*, which vacated in part the Court of Appeals' opinion on which *Nunez* was "predicated." We disagree.

First, the principle for which the *Nunez* Court cited this Court's decision in *Lymon* was that SORA is punitive in nature. *Nunez*, 342 Mich App at 333-334. This principle first arose in *Betts*, 507 Mich at 562, in which the Michigan Supreme Court held that the 2011 amendments to SORA

---

[9] Pre-November 1, 1990 decisions of this Court are not strictly binding on this Court, see MCR 7.215(J)(1), but these opinions are still considered precedent and are entitled to significantly more deference than unpublished opinions. *People v Bensch*, 328 Mich App 1, 7 n 6; 935 NW2d 382 (2019).

made it punitive in nature. There is no dispute *Betts* remains good law. The Michigan Supreme Court reaffirmed this principle in *Lymon*, holding that the 2021 amendments to SORA constituted punishment as it applies to nonsexual offenders. *Lymon*, ___ Mich at ___; slip op at 35. The Michigan Supreme Court vacated the opinion of this Court in *Lymon* to the extent its conclusion went beyond consideration of nonsexual offenders, and otherwise affirmed its judgment. *Id*. at ___; slip op at 38. Therefore, the general principle for which *Nunez* cited this Court's opinion in *Lymon* (that the SORA amendments constitute punishment) remains good law.

Second, this Court's decision in *Nunez* was not "predicated" on *Lymon*. In fact, this Court reached its conclusion on the merits of the appeal before even addressing *Lymon*. See *Nunez*, 342 Mich App at 331-334. This Court discussed *Lymon*, in addition to several other cases, as "additional and related legal grounds" for its holding. *Id*. at 331. The Court relied, to a much larger extent, on the Supreme Court's decision in *Lee*. *Id*. at 329-330.

Additionally, even assuming the due-process principles from *Nunez* and the procedural requirements identified in SORA would not prohibit a retroactive amendment of the judgment of sentence, the time for modifying the judgment of sentence to incorporate the SORA requirement has expired. Our Supreme Court has held that the trial court cannot retroactively consider whether SORA registration should be required, explaining, "[T]here is no support in SORA for permitting a postsentencing hearing to make a determination regarding registration." *Lee*, 489 Mich at 298. Here, more than 63 months have passed since Klinesmith was resentenced. And the *Lee* Court rejected the idea that the trial court could make a retroactive determination on registration. See *id*. at 298.

Next, MCR 6.429(B)(3) provides that a motion to correct an invalid sentence must be filed within the period for filing an application for leave to appeal in the case and that the defendant may only appeal by leave. Again, this case is a no-contest-plea case that was appealed by delayed leave granted. Even using the date of the February 12, 2020 amended judgment of sentence, there is no dispute that the time for filing an application for leave to appeal in this case has long passed. See MCR 7.205(A)(2)(a) (providing that an application for leave to appeal a final judgment or order in a criminal case must be filed within six months after entry of the judgment or order); MCR 7.205(A)(2)(b) (providing that the application for leave to appeal a final judgment or order in a criminal case may be filed 42 days after the filing of certain transcripts or orders, provided that the requests corresponding with those orders were made within six months after entry of the judgment or order appealed). As for MCR 6.429(B)(4), this provision allows the defendant to seek relief via a motion for relief from judgment under MCR 6.500 *et seq*. Klinesmith, however, is not the party seeking relief in relation to the lack of a SORA registration requirement. For these reasons, under MCR 6.429(B) and the principles outlined in *Lee*, even if the trial court could amend the judgment of sentence, the time for amending the February 12, 2020 judgment of sentence has expired.

Finally, the fact that the SORA requirement appeared on Klinesmith's August 7, 2017 order of probation does not change the outcome because the trial court's authority to order SORA registration could only extend for the maximum five-year term of probation. As discussed earlier, there is no evidence Klinesmith was aware of his SORA obligations before the order of probation was issued, and he challenged the SORA registration requirement immediately. There is also no dispute that he never registered on the Sex Offender Registry or that the original judgment of sentence, requiring him to serve five years' probation in addition to a jail term, did not include

language about SORA registration. The language only appeared in the August 7, 2017 order of probation. As the prosecution acknowledged in its motion, the order of probation "ceased to have any effect at the time that [defendant's] probation was revoked on or about February 11, 2020."

As our Supreme Court held in *Galloway*, "[t]he authority to require compliance with SORA ended, at the very latest, after expiration of the five-year maximum period of probation that the trial court could have imposed." See *Galloway*, 503 Mich at 881. In other words, a later order amending the probation order to include a SORA registration "did not, and could not, extend the registration requirement beyond the term of probation." *Id*. Applying *Galloway* to this case, even if the August 7, 2017 order of probation was not revoked, it could only require Klinesmith to comply with SORA up until the expiration of the five-year period of probation, or by August 2022 at the latest. The order of probation was revoked during the five-year term. The February 12, 2020 judgment of sentence became the "operative judgment" in this case after Klinesmith's probation was revoked. Any order amending the judgment of sentence on the basis of the SORA language in the order of probation could not extend the registration requirement beyond the five-year maximum probation term. The trial court would therefore lack authority to reimpose a SORA registration requirement on the basis of the August 7, 2017 order of probation.

Because Klinesmith is not subject to SORA registration, any judgment in this case would lack a practical legal effect. See *People v Smith*, 502 Mich 624, 632; 918 NW2d 718 (2018). Further, the unique procedural posture of this case suggests that while the constitutional issues presented in this appeal may be likely to recur, they are not likely to evade judicial review, which is the lone exception to the rule that appellate courts will not decide moot issues. See *id*. For these reasons, the issues on which the Michigan Supreme Court has ordered oral argument are moot. Therefore, we recommend that the Michigan Supreme Court deem the appeal moot and dispose of it accordingly.

III. CONCLUSION

In sum, Klinesmith cannot be obligated to register under SORA under the facts of this case, which include that the court did not follow the appropriate procedures to require him to register under SORA, the court did not place the registration requirement on the judgment of sentence, Klinesmith never registered as a sex offender under SORA, he was discharged from his sentence nearly three years ago, the order of probation was revoked and no longer has any legal effect, and the time to amend the judgment of sentence has long expired.

/s/ Michael J. Kelly
/s/ Allie Greenleaf Maldonado
/s/ Adrienne N. Young