[Cite as *State v. Cirisan*, 2025-Ohio-2224.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,                 :

                                      No. 114433

    v.                                   :

PHILLIP CIRISAN,                           :

    Defendant-Appellant.                :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 26, 2025

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-676723-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brittany Fletcher, Assistant Prosecuting Attorney, *for appellee.*

Perry M. Kendall, Jr., *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Phillip Cirisan appeals his conviction for failure to verify address in violation of R.C. 2950.06(F), which arose from his duty to register as a sex offender following an out-of-state rape conviction. For the following reasons, we affirm.

{¶ 2}  In 1997, in a Michigan criminal proceeding, Cirisan pleaded guilty to raping his daughter when she was 14 years old.  At the time he changed his plea, Cirisan was notified that under Michigan law, he would be required to register as a sex offender for life under Michigan's registration law known as the Sex Offender Registration Act ("SORA").  That law has gone through several revisions since Cirisan's conviction in 1997.  Cirisan registered as a sex offender before being sentenced to a term of imprisonment of between 5 and 15 years.

{¶ 3}  For the purposes of trial in the underlying registration violation case, Cirisan stipulated to authenticity and admissibility of several documents.  One of those documents memorialized his initial registration in Michigan, a memorandum from the probation department to the sentencing court stating as much.  Before being released from prison, Cirisan signed a form titled Explanation of Duties to Register as a Sex Offender, as also required under SORA.  Shortly after his release in 2009, Cirisan moved to Ohio.  Cirisan registered as a sexual predator with the Cuyahoga County Sheriff's Department and signed a form acknowledging his 90-day registration requirements under Ohio law.  In 2012, Michigan State Police sent Cirisan a letter confirming that his registration requirements had been transferred to Ohio.

{¶ 4}  Cirisan failed to verify his address in Cuyahoga County in 2022, his second such offense in Ohio.  According to Cirisan, the State was required to prove that Cirisan was under a duty to register in the other jurisdiction at the time he moved to Ohio in order to prove the registration violation at trial.  *See State v. Lloyd*,

2012-Ohio-2015. The trial court agreed with the State that Cirisan was under a duty to report in Michigan, primarily based on the stipulated documentary evidence, and found him guilty of the registration violation. At sentencing, through his counsel, Cirisan admitted that he purposefully failed to verify his address because he believed, based on his own research, that the Michigan trial court improperly imposed the registration requirement. Cirisan was then sentenced to an 18-month term of community-control sanctions.

{¶ 5} In a single assignment of error, Cirisan claims there is insufficient evidence demonstrating his registration violation.

{¶ 6} When determining whether a verdict is supported by sufficient evidence, "'[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Wilks*, 2018-Ohio-1562, ¶ 156, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. When evaluating the sufficiency of the evidence, a reviewing court considers "whether the evidence, 'if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Pountney*, 2018-Ohio-22, ¶ 19, quoting *Jenks* at paragraph two of the syllabus.

{¶ 7} R.C. 2950.06(F) provides that "[n]o person who is required to verify a current residence . . . shall fail to verify a current residence . . . by the date required for the verification . . . ." In addition to proving the verification failure, in order to sustain a registration violation under R.C. 2950.06(F) based on a registration

requirement originating from an out-of-state conviction, the State must demonstrate that (1) the offender was convicted of a sexually oriented offense that is substantially equivalent to any of the Ohio offenses listed under R.C. 2950.01(A); and (2) the defendant was under a duty to register in the other jurisdiction as a consequence of the conviction. *Lloyd*, 2012-Ohio-2015, at ¶ 13, 47; *see also State v. McMullen*, 2012-Ohio-2629, ¶ 19 (8th Dist.).

{¶ 8} *Lloyd* primarily established the substantial-equivalence test used in determining whether an out-of-state conviction was similar to Ohio's sexual offenses for which there is a registration requirement. *Id.* Cirisan pleaded guilty to raping and sexually assaulting his 14-year-old daughter in violation of Michigan Compiled Law ("MCL") 750.520c(1)(b) (sexual contact with a blood relation between the age of 13 and 16) and 750.520b(1)(b) (sexual penetration of blood relation between the age of 13 and 16). He does not dispute that he was convicted of a sexually oriented offense that is substantially similar to Ohio's rape or gross sexual imposition statutes as contemplated under R.C. 2950.01(A). His sole focus is on the second element of the *Lloyd* test: whether the State proved that he was under a duty to register in Michigan.

{¶ 9} The Ohio Supreme Court in *Lloyd* also concluded that the State, in the underlying prosecution, failed to present evidence that the offender was under a duty to register in another state. In reaching that conclusion, the Ohio Supreme Court observed that the prosecutor failed to produce any evidence that the offender "had registered as a sex offender in [the other state] or that he had been given notice

by any [out-of-state] authority that he was under a duty to register" there. *Id*. at ¶ 47. The prosecutor also "failed to produce any judgment entry that reflected that [the offender] had been adjudicated a sex offender" or establish how the sex-offender status came about in Ohio. *Id*. None of those observations are applicable in this particular case. In this particular case, the State demonstrated that Cirisan was under a duty to register as a sex offender in Michigan and, in fact, registered in Michigan before being sentenced to the sexual offenses committed against his 14-year-old daughter.

{¶ 10} Under Michigan law, the requirements to imposing a sex offender registration requirement are straightforward:

> "(1) the defendant shall register before sentencing, (2) [t]he probation officer or the family division of circuit court shall give the individual the registration form after the individual is convicted and explain the individual's duties under SORA, and (3) [t]he court shall not impose sentence . . . until it determines that the individual's registration was forwarded to the department [of state police] as required under [MCL 28.726]. Finally, for crimes falling under the catchall provision, MCL [769.1(12)] adds additional procedural requirements regarding registration under SORA, including that the court must include the determination that the crime is a listed offense under the catchall provision, for which registration was therefore required, in the judgment of sentence."[1]

*People v. Hoffman*, 2012 Mich. App. LEXIS 2532, *4 (Dec. 13, 2012); quoting *People v. Lee*, 489 Mich. 289, 296 (2011). In an attempt to prove that he was not under a duty to register in Michigan, Cirisan claims there is no proof he registered as a sex

---

[1] *Hoffman* and *Lee* both cited MCL 769.1(13), which has since been amended. The language at issue is now in subdivision (12) of that statutory section.

offender in Michigan before being sentenced there or, in the alternative, that the Michigan trial court failed to include the registration information in the final entry of conviction.

{¶ 11} As to his duty to register, Cirisan relies on a Michigan intermediate court decision concluding that the offender must register as a sex offender before being sentenced in order for the registration requirement to be validly imposed. In *People v. Nunez*, 342 Mich. App. 322 (2022), the Michigan appellate court held that because the trial court failed to timely notify the defendant of the registration requirements and confirm that the offender registered before sentencing, it could not later amend the sentencing entry to include the registration requirement. *Id.* at 334-335. *Nunez* relied on MCL 28.724(5), which unambiguously states that a trial court "shall not impose sentence, enter the order of disposition, or assign the individual to youthful trainee status, until it determines that the individual's registration was forwarded to the department as required."[2]

{¶ 12} *Nunez* is not applicable. At trial in this case, the parties stipulated to the authenticity and admissibility of documentation demonstrating that Cirisan registered as a sex offender one month before being sentenced by the Michigan trial court. The State also introduced a copy of the final conviction demonstrating the relevant time frames. The conclusion reached in *Nunez* has no bearing on the

---

[2] Subdivision (5) of MCL 28.724 was not in effect at the time of Cirisan's conviction. Notwithstanding, the relevant portion of that statute then in effect contained a similar requirement that the offender register as a sex offender before being sentenced.

underlying procedural history of Cirisan's case. Tellingly, Cirisan has not addressed the State's evidentiary submissions, other than to say that the stipulated documentary evidence relies on inferences to prove Cirisan registered as a sex offender in Michigan before being sentenced. No inferences, however, are necessary. The documents are self-explanatory.

{¶ 13} In the alternative, Cirisan claims that the Michigan trial court was required to include the registration requirement in the entry of conviction in order for his duty to register in Michigan to arise. *See Lee*, 489 Mich. at 296. It is undisputed that the sentencing entry does not contain this information. On this point, however, Cirisan is overlooking a critical distinction in Michigan law. The statutory requirement of including the registration requirement in the sentencing entry only applies to convictions for offenses that are not expressly enumerated in MCL 28.722 section two. MCL 769.1(12). His offenses of raping and sexually assaulting his 14-year-old daughter are expressly enumerated as offenses for which registration is required. *See id.* Cirisan's reliance on *Lee* is misplaced for this reason.

{¶ 14} In *Lee,* the Michigan Supreme Court expressly concluded that under MCL 28.723(1)(a), an offender must register as a sex offender if convicted of a specified offense in section two of MCL 28.722, without regard to any notation in the sentencing entry. *Id. Lee* then acknowledged that MCL 769.1(12) refers to a catchall category of offenses that could implicate registration requirements for offenses not expressly enumerated as a listed offense under MCL 28.722 section two. *Id.* In that situation, the sentencing entry must include the registration

requirements in the sentencing entry because under MCL 769.1(12), there are "additional procedural requirements regarding registration under SORA, including that the court must include the determination that the crime is a listed offense under the catchall provision, for which registration was therefore required, 'in the judgment of sentence.'" *Id.*

{¶ 15} The requirement to include the registration information in the sentencing entry is only applicable if none of the underlying offenses are expressly enumerated under section two of MCL 28.722. *Id.* That requirement does not apply to Cirisan's situation because he was convicted for two violations of MCL 750.520c(1)(b) (now known as tier II offenses) and one violation of MCL 750.520b(1)(b) (a tier III offense in the updated statutory parlance), all of which are expressly enumerated under MCL 28.722(t)(x) (listing tier II offenses) and (v)(iv) (listing tier III offenses).[3] Cirisan has not established that the catchall exception is applicable to his convictions, and thus, he cannot demonstrate that the sentencing court was required to include the registration requirements in his sentencing entry under *Lee. See, e.g., People v. Rickerd*, 2024 Mich. App. LEXIS

---

[3] Under MCL 28.722(h)(i), a tier I, tier II, or tier III offense is considered a "listed offense." The tier I offenses are enumerated under subdivision (r), the tier II offenses under subdivision (t) and the tier III offenses under subdivision (v) of that statutory section. At the time of Cirisan's conviction in 1997, the then-version of the statute expressly referenced MCL 750.520(c) and 750.520(b) as listed offenses in a more simplistic version of the statute. The current version of the statute is referenced solely for the sake of clarity.

1597, *18-19 (Feb. 29, 2024) (noting that listed offenses do not need to have the SORA registration information contained in the sentencing entry).

**{¶ 16}** Because the State presented undisputed evidence that Cirisan was under a duty to register as a sex offender in Michigan, based on a lawfully imposed requirement, and because he failed to timely verify his Ohio residence, there is sufficient evidence demonstrating the registration violation under R.C. 2950.06(F).

**{¶ 17}** The conviction is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, P.J., and
ANITA LASTER MAYS, J., CONCUR